**POTATO CHIP INSTITUTE, a Corporation, and Weaver Potato Chip Co., Inc., a Corporation, Appellants,**

v.

**GENERAL MILLS, INC., a Corporation, Appellee.**

**No. 71–1662.**

United States Court of Appeals, Eighth Circuit.

Submitted May 8, 1972.

Decided June 16, 1972.

**1089**

decisive question, as described by Chief Judge Urbon, is as follows:

> "The pivotal issue is whether labeling or advertising a product as 'potato chips' tends falsely to describe or represent the product when it has been fashioned from dried potato granules rather than from sliced raw potatoes." 333 F.Supp. 173, 175 (D.Neb. 1971).

Judge Urbom, after a five-day hearing, concluded that "the past experience of the consumer so shades the term with a raw potato overlay . . ." that it would mislead the public to advertise Chipos as potato chips without any further explanation. However, he also concluded "that the phrase 'potato chip', standing alone, is a generic term which is capable of including both chips made of raw potatoes and chips made of dehydrated potatoes." He also found that defendant's practice of adding to its label the descriptive words "fashioned from dried potato granules," would, if displayed properly, prevent misleading the public because the label would not then misdescribe or misrepresent the product. Accordingly, Judge Urbom declined to enjoin General Mills from calling Chipos "potato chips," but he did permanently enjoin General Mills from advertising Chipos as potato chips "without an accompanying prominent declaration that CHIPOS are made from dried or dehydrated potatoes."

Appellants contention on appeal is that the phrase potato chip has only one meaning, to wit: a thin slice of *raw* potato fried in deep fat; and therefore that the qualifying phrase does not remove the confusion because it is contradictory rather than explanatory. However, it is well settled that if the contested phrase is susceptible to two meanings so that an explanatory phrase will preclude deception, it is sufficient to require the addition of the explanation rather than prohibit using the ambiguous phrase. *See e. g.*, Jacob Siegel Co. v. F. T. C., 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888 (1946); F. T. C. v. Royal Milling Co., 288 U.S. 212, 217–218, 53 S.Ct. 335, 77 L.Ed 706 (1933); F. T.

Melville Ehrlich, Washington, D. C., Lloyd J. Marti, of Marti, O'Gara, Dalton & Bruckner, Lincoln, Neb., for appellant Weaver Potato Chip Co., Inc.

Dean A. Olds, Richard H. Compere, Chicago, Ill., Robert M. Spire, Omaha, Neb., Charles E. Quarton, Chicago, Ill., for appellee; Robert Heer, Minneapolis, Minn., Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., Ellick, Spire & Langdon, Omaha, Neb., of counsel.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

Appellants Potato Chip Institute and Weaver Potato Chip Co. filed this suit seeking an injunction to prevent General Mills Co. from advertising as potato chips its product called Chipos. The complaint is premised upon § 43(a) of the Lanham Act, 15 U.S.C.A. § 1125. The

C. v. Good-Grape, 45 F.2d 70 (6th Cir. 1930). *Cf.* F. T. C. v. Army & Navy Trading Co., 66 App.D.C. 394, 88 F.2d 776, 779–80 (1937).

The decisive issues in this case, therefore, are the factual questions: (1) whether the phrase "potato chip" is, as Judge Urbom found, "capable of including both chips made of raw potatoes and chips made of dehydrated potatoes;" and, if so, (2) whether, as he found, use of the explanatory phrase required by the injunction will suffice to prevent misunderstanding the product's contents. We are satisfied that the findings of the district court are responsive to substantial evidence, and that the ultimate judgment was not induced by a misconception of the applicable law. We affirm on the basis of the district court's soundly reasoned opinion.[1]

---

1. The view we take of the case renders immaterial the extent, if any, to which Judge Urbom relied upon the F.D.A. guideline for advertising Chipos and a similar product (Pringles).