**UNITED STATES of America,
Plaintiff,**

**v.**

**AN ARTICLE OF FOOD . . . "MAN-ISCHEWITZ . . . DIET THINS"
etc., Defendants,**

S. Manischewitz Co., Inc., Claimant.
No. 72-C-906.

United States District Court,
E. D. New York.
April 5, 1974.

Robert A. Morse, U. S. Atty., Brooklyn, N. Y., for plaintiff; by Harold J. Friedman, Asst. U. S. Atty. and Eric M. Blumberg, Washington, D. C., of counsel.

Proskauer Rose Goetz & Mendelsohn, New York City, for defendant; by Carol Berkman, Stephen Rackow Kaye, New York City, of counsel.

JUDD, District Judge.

## MEMORANDUM AND ORDER

Plaintiff has moved for summary judgment in this action to condemn food as misbranded. Defendant has responded with affidavits and cross-moved for an order pursuant to F.R.Civ.P. 37 directing plaintiff to comply with certain

discovery requests and for an order pursuant to F.R.Civ.P. 56(f) staying plaintiff's motion until depositions and further discovery may be had.

### Facts

The proceeding relates to a food product labeled "Diet-Thins Matzo Crackers." (Diet-Thins). Claimant B. Manischewitz Co., Inc. has manufactured Diet-Thins under that name since about 1959.

The government initiated this action in 1972 when 423 cases of Diet Thins were seized in Baltimore, Maryland. The government contended that the name Diet-Thins prominently displayed on the label's front panel conveyed to consumers the misleading impression that the matzos were lower in caloric content than other matzos and were useful in weight control diets. Claimant asserts that the label is not misleading because Diet-Thins have several dietary uses other than weight control and that the present label incorporates changes requested by the Food and Drug Administration (FDA) in 1963.

The case was transferred to this district on claimant's motion.

Originally the Diet-Thins were thinner than the regular matzos manufactured and marketed by the claimant. Sometime during the mid-60's, however, the thickness of the regular matzos was reduced, so that at the time of the seizure the Diet-Thins were identical with other matzo crackers made by claimant, except that the Diet-Thins were made with enriched flour rather than ordinary flour. The Diet-Thins furnish the same number of calories as plain matzo crackers and have no greater value in weight control diets than claimant's ordinary matzo crackers.

The words "Diet-Thins" on the label of the seized article are displayed across the entire front panel in print 1¾" high. In the corner of the front panel, a sunburst contains the words "enriched with vitamins and minerals, wheat germ added" in letters approximately ⁹⁄₁₆th" high. These legends suggest to the consumer that Diet-Thins are useful in a balanced weight control program and are significantly lower in calories than ordinary matzos.

Although matzos contain less calories than many other crackers on the market, their caloric content is substantially the same as Melba toast, wholewheat crackers, and certain other crackers.

The side panel also states, "perfect for low salt, low sugar, no food dyes" and "No salt, no sugar, shortening, spices or artificial sweeteners added."

There is no evidence that claimant has any intention to mislead the public.

The record contains conflicting affidavits as to the value of matzos in general and Diet-Thins in particular for dietary uses other than weight control, an issue which the court finds it unnecessary to decide on this motion.

The present label has been in use in approximately the same form since 1963, after a controversy with the FDA concerning the propriety of the previous label. Claimant asserts that the label was approved in 1963, but the FDA denies ever indicating that it was acceptable.

### The Statute

The Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 343, provides that

A food shall be deemed to be misbranded—

(a) If its labeling is false or misleading in any particular.

### Discussion

■ Summary judgment is an appropriate procedure in cases arising under the Federal Food, Drug and Cosmetic Act. AMP Inc. v. Gardner, 389 F.2d 825, 831 (2d Cir.), cert. denied sub nom., AMP Inc. v. Cohen, 393 U.S. 825, 89 S.Ct. 86, 21 L.Ed.2d 95 (1968).

■ In order to sustain a seizure, the government need not prove that all the label representations are both false and misleading. A food is misbranded if it appears that any *one* representation is

false *or* misleading. United States v. Hoxsey Cancer Clinic, 198 F.2d 273, 281 (5th Cir. 1952), cert. denied, 344 U.S. 928, 73 S.Ct. 496, 97 L.Ed. 714 (1953).

█ A food product may be subject to condemnation even though it is not deleterious. Libby, McNeill & Libby v. United States, 148 F.2d 71 (2d Cir. 1945).

█ It is not necessary to show that anyone was actually misled or deceived, or that there was any intent to deceive. As the Supreme Court stated in United States v. 95 Barrels-Cider Vinegar, 265 U.S. 438, 442–443, 44 S.Ct. 529 (1924), at p. 531, 68 L.Ed. 1094:

> The statute . . . condemn[s] every statement, design and device which *may* mislead or deceive. (Emphasis added).

The same principle has been applied in this circuit in United States v. An Article—Sudden Change, 409 F.2d 734, 740 (2d Cir. 1969). In the *Sudden Change* case, the court said that the test is not the effect of the label on a "reasonable consumer," but upon "the ignorant, the unthinking and the credulous" consumer. Even a technically accurate description of a food or drug's content may violate 21 U.S.C. § 343 if the description is misleading in other respects. United States v. An Article—Nuclomin, 482 F.2d 581 (8th Cir. 1973). Thus, whether or not the side panel of the Diet-Thins label may accurately describe its virtues for certain special diets which do not appear to involve weight control, the misleading nature of the front panel still justifies condemnation of the seized articles. Moreover, claimant does not assert that the statements on the side panel apply in any different degree to Diet-Thins than to its ordinary matzo crackers.

Purchasers of diet products are often "pathetically eager" to obtain a more slender figure. See, *e. g.* V. E. Irons Inc. v. United States, 244 F.2d 34, 39 (1st Cir.), cert. denied, 354 U.S. 923, 77 S.Ct. 1383, 1 L.Ed.2d 1437 (1957); United States v. 38 Dozen Bottles . . .

Tryptacin, 114 F.Supp. 461, 462 (D.Minn. 1953). There can be no doubt that the weight-conscious consumer may be led to believe that Diet-Thin Matzos are lower in calories than ordinary matzo crackers. The exchange of affidavits, and the depositions and discovery sought by the claimant have no bearing on this basic issue.

Claimant may have a right to assert that ordinary matzo crackers have value in diet and weight control. If this were the issue, further discovery and cross-examination of the government's deponents might be useful. Since it is sufficient that only one label statement may be misleading in any particular, the use of the phrase "Diet-Thins" violates the statute.

██ This does not appear to be a case where the label reference to Diet-Thins can be clarified by an explanatory phrase as was true in Potato Chip Institute v. General Mils, Inc., 461 F.2d 1088 (8th Cir. 1972). The function of the court is merely to determine whether the existing label is misleading, not to tell the Food and Drug Administration what amendments may be appropriate in order to rectify the situation.

█ Claimant asserts that the government is bound or estopped by the asserted FDA approval of the label in 1963, or at any rate that the FDA should have given notice before filing a condemnation proceeding. The claimant does not assert, however, that it gave any notice to the FDA when it modified its regular matzos so as to have the same weight and caloric content as the Diet-Thins. The change in the comparative contents of the package may render a label misleading which was truthful when it was first submitted. The asserted defense is inadequate to prevent the award of summary judgment.

It is ordered that the government's motion for summary judgment be granted, and that a decree of condemnation be entered, and that defendants' motions be denied.