EVERCO INDUSTRIES, INC., an Illinois corporation, Plaintiff,

v.

O. E. M. PRODUCTS COMPANY, Defendant.

No. 73 C 589.

United States District Court,
N. D. Illinois, E. D.

June 3, 1974.

See also, D.C., 362 F.Supp. 204.

Threedy & Threedy, Robbins, Coe, Rubinstein & Shafran, Manuel J. Robbins, Chicago, Ill., for plaintiff.

Pauker & Griffith, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of the plaintiff, counter-defendant to strike and dismiss the Counterclaim or in the alternative for an order requiring the counter-plaintiff to make a more definite statement of its Counterclaim.

This is an action to redress alleged copyright infringement, unfair and deceptive trade practices, and unfair com-

petition. Jurisdiction is alleged to be conferred on this Court by 28 U.S.C. § 1338.

The plaintiff Everco Industries, Inc. ("Everco") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. The defendant O.E.M. Products Company ("O.E.M.") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

Both the plaintiff and defendant are engaged in the business of selling and distributing automotive parts through periodically issued catalogs, catalog sheets, and advertising and promotional material.

The plaintiff in its Complaint specifically alleges that the defendant has willfully and knowingly infringed the plaintiff's copyrights by having produced and distributed catalogs identified as Catalog No. 472 entitled "OEM Temperature Control Parts" and Catalog No. 172 entitled "OEM Brake Lines & Tubing", which catalogs are alleged to contain a substantial quantity of materials copied from plaintiff's copyrighted works; and by distributing a substantial quantity of these infringing catalogs to jobbers and users.

The defendant in its Counterclaim alleges that, plaintiff has specifically violated the Lanham Act, 15 U.S.C. § 1125(a) by making false descriptions and representations concerning some of its respective products, namely Bundyflex brake lines and Thermo-Pill valves.

More specifically, the defendant in its Counterclaim alleges in relevant part:

*Count I*

1. As a direct and proximate result of the counter-defendant's false description and representations concerning its Bundyflex brake lines, the counter-claimant has suffered the following damages in the five years preceeding the filing of this Counterclaim:

a. Counter-plaintiff has lost profits or had its losses increased due to sales which it lost;

b. Counter-plaintiff has sustained losses on sales due to its forced reduction of prices resulting from counter-defendant's conduct;

c. Counter-plaintiff has been forced to spend substantial sums of money to prevent prospective purchasers from being misled by counter-defendant's false descriptions and representations.

2. The counter-plaintiff seeks the following relief:

a. An injunction enjoining the counter-defendant, its officers, agents, attorneys, servants, and all persons under its control or in privity with it during the pendency of this action and permanently as well, from:

(1) Claiming that its brake line is approved by Ford Motor Co., Chrysler Corporation, General Motors Corp., and American Motors Corporation; and

(2) Claiming that its brake line is original equipment on any automobiles or trucks.

b. Judgment against counter-defendant Everco in the sum of $100,000.00 actual damages and $180,000.00 exemplary damages, together with the costs of the instant suit.

*Count II*

1. As a proximate result of the counter-defendant's alleged false descriptions and representations concerning its Thermo-Pill valve the counter-claimant has suffered the following damage in the five years preceeding the filing of the instant Complaint:

a. It has lost profits or had its losses increased due to sales which it lost;

b. It has sustained losses on sales due to its forced reduction of prices resulting from counter-defendant's conduct;

c. Due to the inferior nature of counter-defendant's goods and their similarity to the Ranco valve, its reputation has been harmed;

d. Counter-claimant has been forced to spend substantial sums of money to prevent prospective purchasers from being misled by the counter-defendant's misrepresentations;

e. The counter-claimant has been forced to write off and to junk some $137,000.00 worth of Ranco valves between April 1, 1968 and the date of filing of the counter-claimant's original Complaint.

2. The counter-plaintiff seeks the following relief:

a. An injunction enjoining the counter-defendant, its officers, agents, attorneys, servants, and all persons under its control or in privity with it during the pendency of this action and permanently as well, from:

 (1) Using the name "Thermo-Pill" on any automotive heat control valve not causing the flow of heating system water to respond to variations in in-car temperature;

 (2) Stating that its valve provides automatic control of water in the automotive heating system;

 (3) Attaching any coil or tubing to its heat control valve in a manner implying thermostatic qualities so long as its heat control valve does not have thermostatic qualities;

 (4) Using the phrase "thermostatic heater valve" or any other phrase implying valve sensitivity to variation in in-car temperature on any heat control valve not having these properties;

 (5) Using in any of its catalogues, pictures or drawings of the Ranco valve or of any other product of the counter-claimant.

b. For judgment against counter-defendant, Everco, in the sum of $437,000.00 actual damages and $600,000.00 exemplary damages together with the costs of the instant suit.

The plaintiff, counter-defendant in support of its instant motion contends:

1. The counter-plaintiff's claimed damages are purely speculative and thus cannot be the basis for any suit at law.

2. The counter-plaintiff does not allege its damages with adequate specificity.

3. The counter-plaintiff's prayer for injunctive relief is inadequately framed, and should be denied by the doctrine of laches.

4. The counter-plaintiff's prayer for injunctive relief barring the counter-defendant from using the name "Thermo-Pill" is particularly inappropriate in that "Thermo-Pill" is a trademark.

The defendant and counter-plaintiff in opposition to the instant motion contends that:

1. The damages alleged in the Counterclaim are compensatory;

2. The damages set out in the Counterclaim are adequately specified;

3. The Counterclaim adequately sets out grounds for relief;

4. In as much as the counter-claimant was not a party to the registration of the name "Thermo-Pill" it is not bound by that proceeding.

 It is the opinion of this Court that the counter-plaintiff has sufficiently alleged damages in the instant Counterclaim and thus the instant motion should be denied.

## I. THE COUNTER-PLAINTIFF IN ITS COUNTERCLAIM SUFFICIENTLY ALLEGED DAMAGES

 It is well settled that under the Federal Rules of Civil Procedure and its

liberal rules of pleading that a plaintiff or counter-plaintiff is not required to allege in unusual detail and particularity the damages allegedly suffered. See Package Closure Corp. v. Sealright Co., 141 F.2d 972 (2nd Cir., 1944); Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co. of America, 131 F.2d 419 (8th Cir., 1942). It is clear to this Court that the counter-plaintiff in its Counterclaim has sufficiently alleged the nature of the damages sought, and there is at this stage no insufficiency in the allegations as to the loss of profits, the forced reduction of prices, the harm to the counter-plaintiff's reputation and the expenses accrued in countering the counter-defendant's alleged wrongdoing.[1] Where, as in the instant action, the putative wrongdoing is of such a nature as to preclude at the time of filing the action the ascertainment with certainty of the amount of damages, it would be a perversion of fundamental principles of justice to deny all relief to the wronged person merely because the precise computation or manner of proof of damages is not alleged in the Complaint. See e. g. Story Parchment Co. v. Paterson Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931); Package Closure Corporation v. Sealright Co., *supra*.

While damages may not be determined by mere speculation or guess, it will be sufficient for a plaintiff or counter-plaintiff in the statement of the claim to merely state the nature of damages and allow the damage issue to be further delineated by pre-trial discovery. Further, under Rule 9(g) of the Federal Rules of Civil Procedure and other Rules liberalizing the requirements of pleading, an allegation of special damages is sufficient when it notifies the defendant of the nature of the claimed damages even though it does not delineate them

with "as great precision as might be possible or desirable". Continental Nut Co. v. Robert L. Berner Company, 345 F.2d 395 (7th Cir., 1965).

Thus the counter-plaintiff has adequately pleaded damages in its Counterclaim. However, at trial on the merits the liberal requirements of pleading damages are supplanted by the requirement that facts must exist and be shown by evidence which affords a basis for measuring with a reasonable certainty the plaintiff or counter-plaintiff's loss. See e. g. Benham v. World Airways, Inc., 432 F.2d 359 (9th Cir., 1970). Thus, while the counter-plaintiff, unaided by pre-trial discovery, will not be required at this time to further delineate the damages it alleges in the Counterclaim, the instant ruling should not be interpreted as a bar to any future pre-trial motion which may be deemed appropriate by the counter-defendant after adequate discovery.

## II. THE COUNTER-PLAINTIFF HAS ADEQUATELY STATED AN ACTION FOR INJUNCTIVE RELIEF AND THE ACTION IS NOT BARRED BY THE DOCTRINE OF LACHES

It is clear to this Court that the counter-plaintiff's Counterclaim sounds in equity and even though it does not recite the magical words of "irreparable harm", the counter-plaintiff clearly alleges facts which implicitly state that if the counter-plaintiff prevails on the merits an injunction might be necessary to not only protect the Court's order but also to protect against any repetitive violations and putative irreparable harm to the counter-plaintiff's business. Mortellito v. Nina of California, Inc., 335 F. Supp. 1288 (S.D.N.Y., 1972); Scotch Whiskey Association v. Barton Distilling Co., 338 F.Supp. 595 (N.D.Ill., 1971);

[1]. This is not to say that this Court is aware of the precise and putatively novel method which the counter-plaintiff will apparently use to prove the damages it alleges in the Counterclaim. The computation and matter of proof of damages is not properly before this Court at this time.

Potato Chip Institute v. General Mills, Inc., 333 F.Supp. 173 (D.Neb.1971), aff'd, 461 F.2d 1088 (8th Cir., 1972).

The counter-defendant has failed to adequately demonstrate that the counter-plaintiff has delayed so long as to allow the doctrine of laches to bar the instant action. Further, the mere allegation of laches upon the part of the counter-plaintiff does not constitute a bar to plaintiff's Counterclaim. Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 145, 32 L.Ed. 529 (1888); Eastman Kodak Co., v. Fotomat Corporation, 317 F.Supp. 304 (N.D.Ga.1970); Tisch Hotels, Inc. v. Atlanta Americana Motor Hotel Corp., 254 F.Supp. 743 (N.D.Ga.1966).

Further, the issuance of a trademark does not *per se* moot the instant Counterclaim for allegedly false and fraudulent description and representation concerning some of the counter-defendant's products under 15 U.S.C. § 1125(a). See Dave Grossman Designs, Inc. v. Bortin, 347 F.Supp. 1150 (N.D. Ill., 1972).

Accordingly, it is hereby ordered that the counter-defendant's motion is denied.

