119 Ariz. 277 (1978)
580 P.2d 738
SOUTHERN ARIZONA SCHOOL FOR BOYS, INC., Appellant,
v.
Allen William CHERY, Sr., and Carey Eleanor Chery, husband and wife, Frederick E. Lindquist and Karen B. Lindquist, husband and wife, Catherine B. Cahill, a widow, Melisande Saltus, an unmarried woman, Carolyn Flessner, an unmarried woman, Slade Cutter and Jane Doe Cutter, husband and wife, Jean Medlen, whose true name is Norma J. Medlen, and John Doe Medlen, wife and husband, Appellees.
No. 2 CA-CIV 2656.
Court of Appeals of Arizona, Division 2.
March 2, 1978.
Rehearing Denied April 12, 1978.
Review Denied May 23, 1978.
*279 Schorr, Leonard & Felker, P.C. by David J. Leonard and Franklin O. Eldridge, Tucson, for appellant.
Vincent E. Odgers, Tucson, for appellees.
OPINION
HATHAWAY, Judge.
This appeal by Southern Arizona School for Boys, Inc., (SAS), is from a judgment by default awarding it $1 in nominal damages on count one of its counterclaim. Appellees are former teachers and members of the administrative staff at SAS who commenced a class action for unpaid wages. Appellant answered the complaint, alleging that appellees had refused a tender of payment by SAS, and counterclaimed for damages for breach of their employment contracts. In count one of the counterclaim SAS alleged:
"1. Each of the plaintiffs were employed by SAS under agreements which required 30 days' notice of termination.
2. Each of the plaintiffs resigned on one day's notice or less.
* * * * * *
4. As a direct result of the plaintiffs' breach of contract by failure to give notice, and other conduct inconsistent with plaintiffs' duties to SAS, certain parents of students enrolled in the school operated by SAS and in the school operated by Valley School for Girls, Inc. on the SAS Campus, refused to permit their children to complete the school term and have refused to pay tuition and expenses totalling $12,114.45.
5. Valley School for Girls, Inc. has, assigned to SAS its claim against Plaintiffs for damage....
WHEREFORE defendant Southern Arizona School for Boys, Inc. prays judgment against the plaintiffs and each of them in the amount of $12,114.45 plus interest from June 1, 1972, for defendants' costs incurred herein and for such other and further relief as the Court deems just."
Appellees failed to reply to the counterclaim and default was entered against them on July 9, 1974. At the pretrial conference held on October 18, 1976, appellees' complaint was dismissed because of their failure to file a pretrial memorandum and to appear at the pretrial conference, Rule 6(e), *280 Uniform Rules of Practice of the Superior Court of Arizona, 17A A.R.S., and to comply with Rule 23(c)(1), Arizona Rules of Civil Procedure, 16 A.R.S. The pretrial order characterized the nature of the counterclaim as breach of contract in the amount of $12,114.45, plus interest and costs. An application by SAS for default judgment was filed October 25, 1976. On November 24, 1976, appellees' motion to set aside the default was denied.
The hearing on the application for default judgment was conducted by the court, sitting without a jury, on January 11, 13, 14, 26 and February 2, 1977. At the initial hearing, appellees filed a motion in limine to restrict the evidence on damages to the cost of replacing them with other employees. The court denied this motion and granted appellant's motion to amend the pretrial order "... so that it can conform to the proof of the actual amount of damages, and whatever the Defendant can prove to the Court's satisfaction ..."
In its post-trial memorandum filed February 1, 1977, SAS made clear its position that the appellees were liable for both breach of contract and tortious conduct and attached a "Schedule of Losses" attributable to the "mass walkout". The amount claimed was the balance due from students, totaling $27,757.78.
On May 25, 1977, the court issued a memorandum opinion and order. It ruled that SAS was not entitled to recover lost revenue in the form of tuition and expenses parents refused to pay because items of special damage were not specifically pleaded in count one of the counterclaim as required by Rule 9(g), Arizona Rules of Civil Procedure, 16 A.R.S. Also that it had erred in denying appellees' motion in limine, since the results of the breach of contract were remote and indirect and not within the contemplation of the parties at the time the employment agreements were entered into. It therefore disregarded evidence of loss of revenue in determining the amount of damages. Though SAS offered no evidence in support of general damages for breach of contract, the court ordered, since appellees had defaulted, that SAS was entitled to judgment on count one of the counterclaim, but only to the extent of $1.
Appellant argues that its counterclaim was sufficient to give appellees notice of the nature of the damages sought and thereby complied with Rule 9(g). We agree. Rule 9(g) provides:
"When items of special damage are claimed, they shall be specifically stated."
The traditional pleading distinction between general damages, which need not be pleaded with particularity, and special damages, which must be specifically stated, is thus maintained by this rule. 2A Moore's Federal Practice, § 9.08; 5 Wright & Miller, Federal Practice and Procedure, § 1310. General damages are such as the law implies and presumes to have occurred from the wrong complained of, while special damages are those which are the natural but not the necessary consequence of the act complained of and usually stem from the particular circumstances of the case. White River Sheep Company v. Barkley, 37 Ariz. 49, 288 P. 1029 (1930); 25 C.J.S. Damages § 131. The well-established rule in Arizona is that the damages for breach of contract are those which arise naturally from the breach itself or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered into the contract. E-Z Livin' Mobile Homes, Inc. v. Tommaney, 27 Ariz. App. 11, 550 P.2d 658 (1976); Reliable Electric Co. v. Clinton Campbell Contractor, Inc., 10 Ariz. App. 371, 459 P.2d 98 (1969); Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948). The measure of damages for breach of an employment contract by an employee is the cost of obtaining other service equivalent to that promised and not performed. Compensation for additional consequential injury may be recovered if at the time the contract was made the employee had reason to foresee that such injury would result from his breach. Roth v. Speck, 126 A.2d 153 (D.C.Mun.App. 1956); 5 Corbin on Contracts, § 1096.
Since loss of revenue resulting from breach of an employment contract is not an *281 item of general damages, it had to be specifically stated in appellant's counterclaim. Home Indemnity Company v. Bush, 20 Ariz. App. 355, 513 P.2d 145 (1973). In paragraph 4 of its counterclaim, appellant alleged that "... certain parents of students ... refused to permit their children to complete the school term and have refused to pay tuition and expenses totalling $12,114.45."
Under Rule 9(g) of the Federal Rules of Civil Procedure and other rules liberalizing the requirements of pleading, "... an allegation of special damages is sufficient when it notifies the defendant of the nature of the claimed damages even though it does not delineate them with `as great precision as might be possible or desirable.' Schoen v. Washington Post, 100 U.S.App.D.C. 389, 246 F.2d 670 (1957)." Continental Nut Company v. Robert L. Berner Company, 345 F.2d 395 at 397 (7th Cir.1965); Everco Industries, Inc. v. O.E.M. Products Company, 63 F.R.D. 662 (N.D.Ill. E.D. 1974).
"Prior to the adoption of the Federal Rules of Civil Procedure, federal courts held that the facts giving rise to special damages must be stated, although, as was typical of the code pleading that was then prevalent in the states, it was not necessary to plead evidence. Even after the adoption of Rule 9(g), some federal courts continued to require the elements of special damage to be stated as facts or with great detail in order to determine whether plaintiff had a legal right to recover them. Over the years, the interpretation of the rule has been liberalized. Most courts now take the position that allegations of special damage will be deemed sufficient if they are definite enough to enable the opposing party to prepare his responsive pleading and his defense, although some courts still require the elements of special damages to be alleged in sufficient detail to inform the court of the substance of the claim. To the extent that the latter test is more than simply a different semantic formulation of the former, and actually more stringent than the former, it is most appropriately applied in cases in which special damage is essential to the existence of plaintiff's claim for relief and the sufficiency of his complaint. A strict approach to Rule 9(g) has little justification when special damages are sought simply as a supplement to plaintiff's general damages." 5 Wright & Miller, Federal Practice and Procedure, § 1311 at 445-46.
Where special damages are sought in addition to general damages, the purpose of Rule 9(g) is to protect the defendant from being surprised at trial by the extent and character of the plaintiff's claim. A statement of special damages will put the defendant on notice and "... permit him to employ the discovery procedures to maximum advantage in preparing his defense to the claim for special damages." 5 Wright & Miller, Federal Practice and Procedure, § 1310 at 444.
Here, appellees were given notice by paragraph 4 that appellant was seeking special damages, loss of revenue. In this case, the lack of discovery, which may have been necessary to define every fact which supported appellant's counterclaim, was due to appellees' failure to reply.
Having determined that appellant complied with the pleading requirements of Rule 9(g), we must next decide whether it is precluded from recovering damages for loss of revenue because it did not prove at the default judgment hearing that such damages were the proximate result of appellees' breach of contract or were within the contemplation of the parties at the time the agreements were entered into. In paragraph 4 of the counterclaim, it was alleged that "As a direct result of the plaintiffs' breach of contract ..." tuition in the amount of $12,114.45 has not been paid. (Emphasis ours)
A default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. All well-pleaded facts are admitted by a default, Postal Ben. Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946), but the defendant is not held to admit facts that *282 are not well-pleaded or to admit conclusions of law. Nishimatsu Construction Co., Ltd. v. Houston National Bank, 515 F.2d 1200 (5th Cir.1975). A judgment by default cannot be based upon a complaint which does not state a claim for relief. Ness v. Greater Arizona Realty, Inc., 21 Ariz. App. 231, 517 P.2d 1278 (1974). On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment. Nishimatsu Construction Co., Ltd. v. Houston National Bank, supra.
A default is a judicial admission of the plaintiff's right to recover, though not of the amount of the recovery when the claim is unliquidated. Reed v. Frey, 10 Ariz. App. 292, 458 P.2d 386 (1969); 6 Moore's Federal Practice, § 55.07; 49 C.J.S. Judgments § 201c; 10 Wright & Miller, Federal Practice and Procedure, § 2688.
Rule 55(b)(1), Arizona Rules of Civil Procedure, provides that judgment by default may be entered, upon motion, when the plaintiff's claim against the defendant is for a sum certain or for a sum which can by computation be made certain. When unliquidated damages are sought, it is necessary under Rule 55(b)(2), for the trial court to conduct a hearing to determine the amount of the damages before entering judgment. Such a determination is the only issue before the court. By his default a defendant admits responsibility for the alleged injury. Dungan v. Superior Court In and For County of Pinal, 20 Ariz. App. 289, 512 P.2d 52 (1973).
Appellees are in the position of having admitted each and every material allegation of appellant's counterclaim except as to the amount of damages alleged. They are precluded from contesting their liability. The defense they offered, appellant's failure to prove causation, goes to the very right of recovery and cannot be made. This "... `would leave the defendant in as good position when he was in default as though he had answered relatively to all the allegations of the petition. Indeed, his position would be better; for the plaintiff would have no notice of the defense relied upon, or what allegations of the petition were admitted and what denied.' ... Lenney v. Finley, 118 Ga. 427(2), 429, 45 S.E. 317, 318 ..." Flanders v. Hill Aircraft and Leasing Corporation, 137 Ga. App. 286, 223 S.E.2d 482 at 484 (1976).
It was error to require appellant to prove that the injuries received were the proximate result of the breach of contract by appellees when the causal effect of such injuries was admitted by the default. It is proper for appellees to dispute the amount of damages even to the point of showing their nonexistence, but not to deny the admitted injuries or their liability therefor. Flanders v. Hill Aircraft and Leasing Corporation, supra. The counterclaim specifically stated that the damages alleged were a "direct" result of appellees' breach of contract. This allegation established causation and relieved SAS from the burden of proving that fact. The right to recover and the fact of damages were established by the default. Duncan v. Lord, 409 F. Supp. 687 (E.D.Pa. 1976).
Appellant's prayer for damages in its counterclaim was for $12,114.45. The final issue is whether the court erred in granting, at the initial hearing on the default judgment, appellant's motion to amend the pretrial order so as to conform to proof of actual amount of damages. A hearing under Rule 55(b) is subject to the limitation in Rule 54(d) which provides:
"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
The well-settled rule is that one has a right to assume that the relief granted on default will not exceed or substantially differ from that described in the complaint and may safely allow a default to be *283 taken in reliance upon this assumption. Columbia Valley Credit Exchange, Inc. v. Lampson, 12 Wash. App. 952, 533 P.2d 152 (1975); Sceva Steel Buildings, Inc. v. Weitz, 66 Wash.2d 260, 401 P.2d 980 (1965). One cannot recover judgment by default for a sum or for relief in excess of that warranted by the pleadings. Husky v. Lee, 2 Ariz. App. 129, 406 P.2d 847 (1965). A judgment in a default case that awards relief that either is more than or different in kind from that requested is null and void. Columbia Valley Credit Exchange, Inc. v. Lampson, supra.
The fact that the defaulting party appears at the hearing on damages does not allow the court to escape the explicit and emphatic mandate of Rule 54(d). Fong v. United States, 300 F.2d 400 (9th Cir.1962). The rule does not differentiate between a default based on a total failure of defendant to appear and a default following an appearance. The absence of any words of qualification or differentiation in the first sentence of Rule 54(d) indicates that the provision is intended to apply to all cases of default. This conclusion is reinforced by the statement in Rule 55(d) that: "In all cases a judgment by default is subject to the limitations of Rule 54(d)." See 10 Wright & Miller, Federal Practice and Procedure, § 2663.
The amount of damages appellant can recover under Rule 55(b) is thus limited by Rule 54(d) to that requested in its counterclaim, $12,114.45. Appellant may choose, as an alternative to judgment by default, to amend its counterclaim, Rule 15(a), to reflect a greater amount of loss of revenue. Appellees may then reply to this amended pleading.
Reversed and remanded for further proceedings consistent with this opinion.
RICHMOND, C.J., and HOWARD, J., concur.