WILLIAM K. THOMAS, Senior District Judge,
concurring.
I concur in the majority decision, affirming the decisions of the District Court and Bankruptcy Court. However, in joining the majority’s decision I analyze the case differently.
I.
In the first part of his opinion, the Bankruptcy Judge concluded that by its Article 9 filing of its financing statement with the Michigan Secretary of State,[1] National Acceptance Company of America (NAC) perfected its security interest “in and to all of Roman Cleanser’s then owned and there *210 after acquired goods, equipment and general intangibles and the proceeds thereof as collateral for the payment of all indebtedness and liabilities then existing or thereafter arising of Roman Cleanser to NAC.” In reaching this conclusion the Bankruptcy Judge determined that contrary to the Trustee’s contention, NAC was not required, in order to perfect its interest, to file a conditional assignment of its security interest (in the federally registered trademarks) with the United States Patent and Trademark Office.
The Lanham Act, 15 U.S.C. § 1060, provides that a “registered mark [trademark] ... shall be assignable with the goodwill of the business in which the mark is used.” It is further provided that assignment shall be by an instrument in writing (duly executed) and that the assignment “shall be void as against any subsequent purchaser for a valuable consideration without notice, unless it is recorded in the Patent and Trademark Office____”
In holding that NAC need not file with the Patent and Trademark Office in order to perfect its interest, the Bankruptcy Court in this case observed that “[trademark cases distinguish between security interests and assignments.” 43 B.R. at 944. Upon an extensive review of the authorities which have addressed the subject the Bankruptcy Court further observed:
An “assignment” of a trademark is an absolute transfer of the entire right, title and interest of the trademark____ The grant of a security interest is not such a transfer. It is merely what the term suggests — a device to secure an indebtedness. It is a mere agreement to assign in the event of a default by the debtor. “[T]he rule is well established that a mere agreement for the future assignment of a trademark is not an assignment of either the mark itself or the goodwill attached to it.” LiT Red Bam at 107.[2]
The Trustee does not appeal the Bankruptcy Court’s conclusion that “the Article 9 filing perfected NAC’s security interest.” However, the Trustee does appeal these ultimate conclusions of the Bankruptcy Court:
1) “Because NAC had a valid and perfected security interest in the formulas and customer lists” NAC, therefore, had a perfected security interest in the assets sold to Michlin.
2) NAC’s security interest is not subject to attack by the Trustee as an assignment in gross.
II.
The Trustee first argues that “creditor had no security interest in Debtor’s Trademarks after December 21, 1983.” On that date, in exchange for a partial repayment of NAC’s loan, creditor NAC released its security interest in debtor Roman Cleanser’s vehicles, machinery, equipment and fixtures. Nevertheless, NAC retained its security interest in Roman Cleanser’s trademarks, formulas and customer lists.
Although NAC released its interest in Roman Cleanser’s vehicles, machinery, equipment and fixtures, the debtor still controlled and used the trademarks, the formulas and the customer lists. The conditional or inchoate nature of NAC’s security interest therefore could not have affected the identity or the quality of the products that Roman Cleanser continued to manufacture under its marks. Thus, there could be no violation of the Lanham Act’s policy of protecting the public from the possible manufacture and sale of goods *211 that might copy Roman Cleanser’s products but were not associated with the marks’ goodwill. Hence, on December 21, after NAC’s release of its security interest in the tangible assets of Roman Cleanser, NAC’s conditional assignment in the trademarks had not become an “assignment” under the Lanham Act. See Adams Apple Distributing Co. v. Papeleras Reuindas, S.A., 773 F.2d 925, 931 (7th Cir.1985).
The Trustee further argues that under bankruptcy law “the validity of a creditor’s claimed security interest is determined at the latest as of the date bankruptcy proceedings are initiated.” Trustee argues that on the date bankruptcy proceedings were commenced, February 9, 1984, “creditor did not have the ability to manufacture or market the trademark products.” While default under the NAC-Roman Cleanser “Loan and Security Agreement” had now occurred (bankruptcy proceedings was an event that produced default under the agreement), the occurrence of default did not automatically cause the trademarked products to be assigned to the creditor. Thus, there was still no “assignment” to NAC as of February 9, 1984.
It is essential, therefore, to examine pertinent events after February 9, 1984. On June 12, 1984 the Bankruptcy Court entered an order which “authorized” the sale of trademarks, formulas and customer lists [to Michlin] for the sum of $180,000.” On the next day, June 13, the Bankruptcy Court entered an order transferring the “claims of National Acceptance Corporation against any assets of this estate ... to the proceeds of sale of the assets of the Debtor, with the validity, priority and amount of said claims to be determined by the court at a later date.” By stipulation of the parties, NAC intervened in Patterson Laboratories’ adversary proceeding against Roman Cleaner and therein NAC claimed that it had “a first and prior security interest in the trademarks and trade names of Roman Cleanser Company which are the subject of this Adversary Proceeding.”
It is recognized in trademark law that when the creditor, upon a debtor’s default, enforces its conditional assignment in a trademark, the conditional assignment “becomes an operative assignment and goodwill must pass with the mark to the creditor-assignee.” 1 J. McCarthy, Trademarks and Unfair Competition, § 18:1 p. 796 (2d ed. 1984). Under this general rule it must be decided whether NAC’s conditional right to an assignment under its security interest was transformed into an assignment by virtue of NAC’s intervention in the adversary proceedings or any succeeding event.[3]
*212 NAC’s motion to enforce a “first and prior security interest in Roman Cleanser’s trademarks and trade names” was made within the legal framework of section 363 [4] of the Bankruptcy Code, 11 U.S.C. § 363. The Trustee is authorized by section 363(b) to sell estate property outside “the ordinary course of business.” Under certain conditions, section 363(f) permits such a sale to be made “free and clear of any interest in such property of an entity other than the estate.” The fourth condition of section 363(f) is that such interest is in “bona fide dispute.” Pursuant to these provisions the Bankruptcy Court approved the Trustee’s sale to Michlin of Roman Cleanser’s trademarks, formulas and customer lists for $180,000 cash. Concurrently, the Bankruptcy Court transferred NAC’s lien to the proceeds of sale. Since NAC sought only enforcement of its lien and accepted transfer of that lien to the money proceeds of the sale to Michlin it is evident that no title or ownership rights in the trademarks at any time were transferred to NAC. Hence, I conclude that neither NAC’s motion to intervene nor the resulting transfer of its lien to the proceeds of the sale became “an operative assignment.” J. McCarthy, supra p. 211, at 796.
Such conclusion is supported by the fact that NAC did not receive and never had the use of the Roman Cleanser trademarks, trade names, formulas or customer lists. Thus, NAC at no time could have thwarted the policy behind the requirement of 15 U.S.C. § 1060 that the registered mark must be assigned with the goodwill of the business in which the mark is used. This policy is to protect the quality of products processed and sold under registered trademarks.[5]
For these various reasons it is determined that neither NAC’s security interest, nor its motion to intervene to claim a first and prior security interest in the trademarks and trade names of Roman Cleanser, created an assignment under section 1060 of the Lanham Act. Because there was no assignment of the Roman Cleanser trademarks to NAC, the Lanham Act’s goodwill requirement is inapplicable. Therefore, I conclude that the Bankruptcy Court properly held that NAC’s security interest in the debtor’s collateral, which included the debtor’s trademarks, formulas and customer lists, perfected under the Article 9 filing, did not violate federal trademark law and was valid and enforceable.[6]
*213 In summary, I have concluded that NAC’s security interest in the Roman Cleanser trademarks, customer lists and formulas was not an “assignment,” and never became an “assignment,” under the Lanham Act.[7] Thus, the goodwill requirement of section 1060 is inapplicable. For this reason, I join the majority’s decision affirming the judgment of the District Court.

. Pursuant to the Michigan Uniform Commercial Code, Mich.Comp.Laws § 440.9401 (1979).

. Li'l Red. Barn, Inc. v. Red Barn System, Inc., 322 F.Supp. 98 (N.D.Ind.1970), aff'd per curiam, 174 U.S.P.Q. 193 (7th Cir.1972), See abo Adams Apple Distributing Co. v. Papeleras Reuindas, S.A., 773 F.2d 925, 931 (7th Cir.1985) (holding that an equitable lien on a trademark is a remedy for a debt that “does not seek to give the lienholder an in gross property right to the trademark itself’); SMI Industries Canada Ltd. v. Caelter Industries, Inc., 586 F.Supp. 808, 822 (N.D.N.Y.1984) (holding that agreement whereby “trademarks were merely used ... to secure ... indebtedness" did not amount to in gross transfer); Marshak v. Green, 746 F.2d 927, 929 (2d Cir.1984) (defining an “assignment in gross” as "[a] sale of a trade name or mark divorced from its goodwill”).

. In footnote 3 of the majority opinion it is stated that "the assignment issue discussed in the concurring opinion has [not] been raised, presented for review or briefed by the parties.” As I read the briefs, however, the question of whether NAC’s security interest constituted an assignment is recognized as an issue by the parties. On page 10 of its brief, NAC contends:
The terms "security interest” and "assignment” are terms of art with distinct and different meanings. A security interest is an interest in personal property or fixtures which secures its payment or performance of an obligation____ An "assignment” of a trademark is an absolute transfer of the entire right, title and interest to the trademark____ The grant of a security interest is not such a transfer. It is merely what the term suggests — a device to secure an indebtedness.
In response, the Trustee asserts on page 6 of his reply brief:
Creditor relies heavily on observations ... to the effect that the initial granting of a security interest in a trademark is different from an outright assignment of the trademark because in the former case the creditor had no present right to use the mark____ This distinction is irrelevant to the issue presented in the case at bar.
The majority opinion states that ”[i]n this case, the formulas and customer lists of Roman Cleanser passed with the trademark,” presumably to NAC. It is not clear at what point of time or by what event the majority concludes the ”pass[ing]” to NAC occurred. In any event, the question of whether NAC’s security interest amounted to an "assignment" is subsumed within the assignment in gross question argued by the parties. If there was no assignment, then NAC’s interest could not be treated as an assignment in gross.
In addition, in the Bankruptcy Court the question identified in the above quoted portions of the appellate briefs was similarly raised in the briefs filed by the parties. Thus it was that the Bankruptcy Court devoted the major portion of its opinion to the question of whether NAC’s security interest constituted an assignment under the Lanham Act. Since the Bankruptcy *212 Court concluded that the security interest did not constitute an assignment, it ruled that the security interest (conditional assignment) need not be filed with the Patent and Trademark Office in order to be perfected.
For these reasons, I believe that the question of whether NAC’s security interest was an assignment in gross first requires a decision as to whether it ever became an “assignment," and that it is appropriate and essential for the court to make such a determination on this appeal.

. In his principal brief the Trustee heads Section IV: "Because the question is whether creditor’s claimed security interest would have been valid absent these bankruptcy proceedings, the lower courts erred ..." To the contrary, I believe that the validity of NAC’s enforcement of its security interest must be decided within the legal framework of section 363(b) and (f) of the Bankruptcy Code.

. The present inapplicability of section 1060 is apparent in another respect. Assignments of registered marks should be recorded in the Patent and Trademark Office. However, NAC’s stipulated intervention in the adversary proceeding, as analyzed above, could not have qualified and did not qualify as an assignment of registered marks that was eligible for recording.

. As seen, the Trustee transferred and assigned to Michlin title and ownership rights in the Roman Cleanser trademarks, formulas and customer lists. In reaching its conclusion that NAC’s security interest “is not subject to attack ... as an assignment in gross,” the Bankruptcy Court focused on this transfer to Michlin:
The Trustee does not allege that the transfer to Michlin was invalid as an assignment in gross, conceding by implication the validity of the transfer. If the Trustee's assignment of the marks was valid, there is no basis for challenging NAC’s security interest as an invalid assignment.
43 B.R. at 948.
I do not accept the Bankruptcy Court’s reasoning. The validity of NAC’s security interest and its enforcement thereof is separate from and is not affected by the validity of the Trustee’s assignment of the trademarks, formulas and customer lists to Michlin.

. If I had concluded that NAC’s security interest was transformed into an assignment, then I would agree with Judge Merritt that a security interest in a trademark and goodwill consisting of formulas and customer lists is not an impermissible "assignment in gross” even though the security interest fails to cover machinery and equipment needed to produce the trademarked goods.