In Re C.C. & CO., INC., Debtor.

Bankruptcy No. 86–02626–N.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

June 22, 1988.

Leonard D. Levine, Pender & Coward, Virginia Beach, Va., Frank J. Santoro, Marcos & Santoro, Portsmouth, Va., for debtor.

Jonathan L. Hauser, Lyle, Siegel, Croshaw & Beale, P.C., Virginia Beach, Va., for Pete Smith's Surf Shop, Inc.

Edward G. Grant, Norfolk, Va., trustee.

Debera F. Conlon, Office of the U.S. Trustee, Norfolk, Va.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

The Uniform Commercial Code, Article 9 is generally looked to as law in resolving issues concerning the description and perfection of security interests in personal property. Such is the issue before us.

On January 26, 1984, C.C. & Co., Inc., t/a Pete Smith's Surf Shop granted a security interest in all fixtures, personal property, inventory and accounts receivable, including after acquired property to Figgie Acceptance Corp. as collateral securing a promissory note. The debtor filed a Chapter 11 bankruptcy petition on November 6, 1986, which was converted to a Chapter 7 liquidation case on January 14, 1988. Edward G. Grant was appointed Trustee.

On March 10, 1988 Pete Smith's, which had acquired the commercial paper (including the security interest in the personal property) from Figgie Acceptance Corp., was granted relief from stay to pursue its remedies under contract. On March 28, 1988, after due notice, Pete Smith's purchased this collateral at public auction. It claims that it acquired the trade name "Pete Smith's Surf Shop" with the purchase of the personal property. The Trustee claims that the trade name is separate and distinct and is still an asset of the estate. He has filed an application to sell this asset.

Now comes Pete Smith's moving for a determination of the ownership of the trade name. The issues appear twofold: 1) Does the collateral term "personal property" include all general intangibles, specifically the trade name "Pete Smith's Surf Shop"? 2) Does Pete Smith's Surf Shop, Inc., have a perfected security interest in the trade name which effected a transfer of the trade name when Pete Smith's Surf Shop, Inc., purchased the personal property at public auction?

Title 8.9 of the Virginia Code is the codification of the U.C.C., Article 9. Code § 8.9–102 provides:

Except as otherwise provided in ... § 8.9–104 on excluded transactions, this title applies to any transaction (regardless of form) which is intended to create a security interest in personal property or fixtures including ... general intangi-

bles.... Va.Code Ann. § 8.9–102(1) (1950).

Code § 8.9–106 defines " 'general intangibles' [as] ... any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments and money." Va.Code Ann. § 8.9–106 (1950). By definition the term "personal property" would include all general intangibles.

However, trade names are not specifically defined in the Code as being either personal property or general intangibles. The Official Comment to 9 U.C.C. § 106, adopted in the Virginia Code, while only illustrative of legislative intent, expands on the term "general intangibles." It states:

> [t]he term "general intangibles" brings under this Article miscellaneous types of contractual rights and other personal property which are used ... as commercial security. Examples are goodwill, literary rights, and rights to performance. Other examples are copyrights, trademarks, and patents.... Reprinted following Va.Code Ann. § 8.9–106 (1950).

Trademarks are defined in The Lanham Act, 15 U.S.C. § 1127 (1982), as "any word, name symbol or device or any combination thereof adopted and used by a ... merchant to identify his goods and distinguish them from those ... sold by others." Therefore, by definition, a "trademark" includes a trade name used by a merchant to identify goods sold, and by implication a trade name is a general intangible and, thus, personal property.

The courts have supported this interpretation. In *Matter of Roman Cleanser Co.*, 43 B.R. 940, 943 (Bkcy., E.D.Mich.1984), *aff'd* by 802 F.2d 207 (6th Cir.1986), the Bankruptcy Court held that trademarks are general intangibles within the meaning of the U.C.C., Article 9. Also in agreement is *In re TR–3 Industries*, 41 B.R. 128, 131 (Bkcy., C.D.Cal.1984). The findings of the courts are grounded in similar interpretations of the U.C.C. as enumerated above. This Court concurs.

However, our inquiry does not end here. This case presents a second issue as to whether Pete Smith's Surf Shop, Inc. has a perfected security interest in the trade name which effected a transfer of the trade name when the personal property was purchased at public auction. At first impression it would appear clear that a perfected security interest in "personal property" would effect such a transfer in a foreclosure proceeding. Nevertheless,

> [Title 8.9 of the Virginia Code] does not apply to a security interest subject to any statute of the United States ... to the extent that such statute governs the rights of parties to and third parties affected by transactions in particular types of property. Va.Code Ann. § 8.9–104 (1950).

The Code further states that:

> [t]he filing of a financing statement otherwise required by this title is not necessary or effective to perfect a security interest in property subject to a statute or treaty of the United States which provides for a national ... registration ... or which specifies a place of filing different from that specified in this title for filing of the security agreement. Va. Code Ann. § 8.9–302(3)(a) (1950).

The Lanham Act (1946), codified as 15 U.S.C. § 1051 *et seq.* (1982) provides for a national registration of trademarks with the Patent and Trademark Office. Specifically § 1060 provides for the recording of assignments of trademarks. 15 U.S.C. § 1060 (1982). This assignment recording provision would appear to supercede the filing requirements of Virginia law for security interests and thus make such state filings ineffective. Va.Code Ann. § 8.9–302(3)(a) (1950).

However, in two recent cases the courts have agreed that the assignment provisions of 15 U.S.C. § 1060 do not apply to the perfecting of security interests since it does not specify a place of filing for a security interest different from that of the U.C.C. *Matter of Roman Cleanser Co., supra,* at 943; *In re TR–3 Industries, supra,* at 131. The courts base their decisions on the reasoning that an assignment of a trademark is an absolute transfer of the entire right, title, and interest to the trademark and, in order to vest title to the

trademark in a party, the "transfer must be absolute and must relate to the entire rights in the trademark." *Matter of Roman Cleanser Co., supra,* at 944. A grant of a security interest is merely a device to secure indebtedness, an agreement for the future assignment in the event of default, and not an absolute assignment of either the trademark or the goodwill attached to it. *Li'l Red Barn, Inc. v. Redbarn Systems, Inc.,* 322 F.Supp. 98, 107 (N.D.Ind. 1970) (per curiam), *aff'd,* 174 U.S.P.Q. 193 (7th Cir.1972). The courts have also determined that it was not the intent of Congress in enacting The Lanham Act to provide a method for the perfection of security interest in trade names. This Court, after examining The Lanham Act and the legislative history and interpretation associated with its codification in 1975 in 15 U.S.C. § 1051 *et seq.* (1982), concurs and holds that Title 8.9 of the Virginia Code governs regarding the filing provisions for the perfecting of a security interest in a trade name.

▮ Therefore, it is the decision of this Court that the collateral term "personal property" includes the trade name "Pete Smith's Surf Shop" and the good will inherent in it. This Court also holds that Pete Smith's Surf Shop, Inc., had a perfected security interest in the trade name and goodwill and that it acquired all rights in the same when it purchased them at public auction.

This Court, therefore, orders the Trustee to execute all documents necessary to complete the transfer as required by 15 U.S.C. § 1060 (1982).

IT IS SO ORDERED.