Dolan, PJ.
In this case the purchasers of real estate seek recovery from the seller and the home inspector for damages related to defects in the home. Prior to the closing of the sale from defendant Sotir, the plaintiffs hired the defendant Tronec to perform an inspection of the house. Based on Tronec’s assessment of the house, the plaintiffs chose to proceed with the purchase from Sotir. After moving into the house, the plaintiffs filed this action, alleging that the house had defects which had been mentioned by neither Tronec nor Sotir prior to the sale. After defendant Tronec’s default, the trial proceeded on the plaintiffs’ claim against defendant Sotir, and an assessment of damages hearing was held against defendant Tronec. The court found for defendant Sotir, found for defendant Tronec on the plaintiffs’ claim for G.L.c. 93A damages, and assessed damages of $3,000 against defendant Tronec for negligent home inspection. The plaintiffs claim error in the finding for defendant Sotir, in the finding for defendant Tronec on the c. 93A claim, and in the amount of damages assessed against defendant Tronec. There is no error.
In order for the plaintiffs to gain appellate review in their case against Sotir, it was necessary that they file requests for rulings of law. No such requests were filed. The plaintiffs did, however, request the judge to rule the following: “Sotir falsely and fraudulently misrepresented the condition of the property.” This is not a request for a ruling of law. Theform of a request often determines whether it constitutes a request *203 for a finding of fact, a request for a ruling of law, or a mixed request which requires a judge to find particular facts and to apply these facts to the law of the case. Geraci v. A.G. Tomasello and Son, Inc., 293 Mass. 552, 554 (1936); Castano v. Leone, 278 Mass. 429, 431 (1932). A judge may properly refuse to act on a request for a finding of fact, and may also properly refuse to act on a request for a mixed question of law and fact; Dist./Mun. Cts. R. Civ. P., Rule 52(a); Kravetz v. Linofsky, 294 Mass. 80, 85 (1936). It is only a proper request for a ruling of law which requires a judge to act and which provides the basis for appellate review; Dist./Mun. Cts. P. Civ. P., Rule 64(b). This request incorporates findings of fact with respect to misrepresentation, may properly be refused, and does not gain the plaintiffs appellate review.
The defendant Tronec defaulted. As a result material facts well-pleaded are established as true. Danca Corporation v. Raytheon Company, 28 Mass. App. Ct. 942, 943 (1990). Appellate review as to liability may be obtained without requests for rulings of law because the posture of the case is similar to that of a case stated where thefacts are established. Quintin Vespa Co. Inc. v. Construction Service Co., 343 Mass. 547, 551 (1962). While a defendant’s default does establish the material facts alleged by the plaintiff, the Supreme Judicial Court has ruled that “even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action.” Productora e. Importadora de Panel, S. A. de C. V. v. Fleming, 376 Mass. 826, 834-835 (1978).
A default does not admit conclusions of law, thereby automatically necessitating a ruling in favor of the plaintiff. Bissanti Design/Build Group v. McClay, 32 Mass. App. Ct. 469, 471 (1992); Southern Arizona School for Boys, Inc. v. Chery, et al., 119 Ariz. 277, 281-182, 580 P.2d 738, 742-743 (1978); Nishimatsu Construction Co., Ltd. v. Houston National Bank v. Jack D. Baize, 511 F.2d 1200, 1206 (5th Cir. 1975).
We are unable to review whether the judge committed error in applying the material facts established by the default to the law for the simple reason that the complaint, containing the facts established by defendant Tronec’s default, is not included in the report. It would appear, however, from the plaintiffs’ requests for findings of fact which are included in the report, that if there facts had been alleged in the complaint, the judge properly ruled for the defaulting defendant on the plaintiffs’ c. 93A claim. The applicable requests for findings of fact are: “Prior to executing the purchase and sale agreement, the [plaintiffs] hired [Tronec] to perform a structural and mechanical inspection of the property.... Tronec had been recommended as a good and competent inspector.... Based on his inspection, Tronec prepared a report which failed to state that there were any structural problems regarding the premises. ... A reasonable and proper inspection should have revealed the serious structural problems regarding the property.” If these allegations had been contained in the complaint, the default would require the court to accept these allegations as proven; but even when proven these allegations of substandard services, without more, do not supporta finding that Tronec violated c. 93A. Budway v. Vadala, 1983 Mass. App. Div. 143, 144-145.
The plaintiffs also contend that the size of the award against Tronec on the negligent inspection claim is not supported by the evidence. Requests for rulings of law were notified with respectto this issue. However, had a proper request been filed, there is no apparent error. Arguing that the court should have accepted the unchallenged testimony of plaintiff’s witness that the damages relating to the negligence amounted to between $20,000 and $26,000, the plaintiffs claim that the $3,000 award constitutes error and should be revised upward. The court is not, however, required in establishing the fact of the amount of damages to believe any part of a witness’s testimony, even when it is uncontradicted. Corrado v. Rolland, 355 Mass. 796 (1969); Lydon v. Boston Elevated Railway Company, 309 Mass. 205, 206 (1941).
There is no error. Report dismissed.