[Civil No. 3604. Filed October 28, 1935.]

[50 Pac. (2d) 886.]

D. E. STURGES, Appellant, v. S. H. STURGES, A. M. NEVIN and A. R. HEINEMAN, as Co-administrators of the Estate of A. E. Sturges, Deceased, Appellees.

Mr. J. Fred Hoover, for Appellant.

Mr. James Forest, for Appellees.

LOCKWOOD, C. J.—This is an appeal by D. E. Sturges, hereinafter called plaintiff, from an order setting aside a judgment rendered in his favor in a suit in which S. H. Sturges, in his individual capacity, and A. N. Nevin and A. R. Heineman, as coadministrators of the estate of A. E. Sturges, deceased, were defendants. The record does not show when the suit was commenced, the first document before us being an amended complaint which was filed on July 14, 1934. On the 9th day of August, 1934, a default was entered, and the trial court proceeded to hear evidence offered by the plaintiff, and rendered judgment against the defendants in the sum of $16,447.58. On the 13th day of August, defendants-administrators moved to set the judgment aside as to them, for the reason that the complaint did not state facts sufficient to constitute a cause of action. At the same time they filed a general demurrer. On the 21st day of September, they filed a supplemental motion to set

aside the judgment, alleging as additional grounds that the attorney for plaintiff had stipulated that no default should be taken until the attorney for the administrators had secured an order of court authorizing his employment, and that he might have all necessary time to secure such order and to file an answer, but that notwithstanding such stipulation a default and a judgment were obtained without notice to the latter. The other defendant, S. H. Sturges, made no objection to the judgment against him and we need not consider his situation.

██ The matter came before the trial court for hearing on the motion to set aside the judgment, and it filed what were in effect findings of fact and conclusions of law. It found, first, that the stipulation had been entered into, as claimed by the attorney for the administrators, and had been violated by the attorney for plaintiff. This, of course, showed excusable neglect in failing to answer in time. The question then was whether the motion also showed a meritorious defense to the action. *Beltran* v. *Roll,* 39 Ariz. 417, 7 Pac. (2d) 248. Since no answer was tendered, this defense could consist only of the general demurrer. If the complaint stated no cause of action and showed on its face it could not be amended to state one, a general demurrer would be the only proper defense to the action.

The gist of the action stated by the complaint is found in the following quotation therefrom:

"That on the 1st day of May, 1934, the defendants were indebted to the plaintiff, on an account stated as of that day, and the amount due was $16,446.58, which defendants agreed to pay, but that defendants have not paid the same, or any part thereof, and that there is now due and owing to plaintiff, on said account stated, the sum of $16,447.58. Said account

stated is attached hereto marked Exhibit 'A' and made a part of this complaint.

"That said account was contracted by S. H. Sturges and A. E. Sturges, and that on the 29th day of May, 1933, A. E. Sturges died, and the defendant A. N. Nevin and A. R. Heineman, are duly appointed administrators of said estate in Yuma County, state of Arizona . . . "

It will be observed that this attempts to set up an action upon an account stated entered into by the administrators upon an indebtedness alleged to have arisen between their decedent in his lifetime and the plaintiff. It is urged by plaintiff that an action on account stated is properly pleaded in the above portion of the complaint. In support of his contention he cites the cases of *Chittenden & Eastman Co.* v. *Leader Furniture Co.,* 23 Ariz. 93, 201 Pac. 843; *Herr* v. *Kennedy,* 22 Ariz. 141, 195 Pac. 530; *Mitchell* v. *Fleming,* 77 Cal. App. 241, 246 Pac. 152; *Kunselman* v. *Southern Pac. R. Co.,* 33 Ariz. 250, 263 Pac. 939, and several others. The administrators contend that the complaint does not sufficiently plead an account stated, and refer to the very authorities cited by plaintiff as sustaining their position. In addition to this, however, they contend that the complaint is fatally defective in that it shows that the account was stated between plaintiff and the administrators of the deceased, and that under the law of Arizona administrators have not the power to bind the estates of their decedents by an account stated.

■■ We think it necessary to consider only this last point. Under the common law there is no question that executors and administrators had the power so to bind the estate of their decedent. *Withers* v. *Sandlin,* 44 Fla. 253, 32 So. 829; *Lambert* v. *Craft,* 98 N. Y. 342; *Watkins* v. *Washburn,* 2 U. C. Q. B. 291; *Segar* v. *Atkinson, Admr.,* 1 H. Bl. 103, 126 Reprint,

62; *Powell* v. *Graham*, 7 Taunt. 580, 129 Reprint, 232. So far as we have been able to discover, these are the only cases in which the question has been raised specifically which so hold. We have read and examined carefully each of these cases and find that the English cases apparently are based on the common law and not on any statute. Under the common law the administrator of an estate has much greater power in regard to the allowance and payment of claims against it than he has under the probate codes of most of our states, his discretion therein generally being limited only by the supervisory powers of the court on an accounting. The American cases, above cited, apparently follow the English cases without discussing the question of what, if any, effect statutes may have upon the common-law rule. In this country the powers and duties of administrators are generally most meticulously fixed and limited by statutes, and this is the case in Arizona. When it comes to the payment of claims against an estate, the administrator's duty in regard thereto is specifically set forth in sections 3985–3987, Revised Code 1928. The sections are long and we do not quote them in full. They provide, however, in substance, that all claims arising upon contract must be presented to the executor or administrator and by him approved or disapproved. If he disapproves the claim, the only remedy of the claimant is by an action under section 3989, Revised Code 1928. If, however, he approves the claim, it must then be presented to the trial judge for his approval or disapproval, and cannot be paid if the latter disapproves, except by an action under section 3989, *supra.*

A somewhat similar situation was before the Supreme Court of Michigan in the case of *Fish* v. *Morse,* 8 Mich. 34. Therein the court said as follows:

336

"It appears from the report of the commissioners to the Probate Court, that the claim disallowed by the commissioners was a promissory note for $5,000. In making up the issue in the Circuit Court, the plaintiff filed a declaration containing two counts, instead of one. The first count is on a promise made by the intestate in his life-time, and the other on a promise made by the administrators on an account stated after the death of the intestate, between plaintiff and administrators.

"A copy of the note, with notice that it would be given in evidence on the trial, was attached to the declaration.

"The first count, with a copy of the note attached to the declaration, was all that was necessary to put in issue the claim that had been passed on by the commissioners, and the second count may be regarded as surplusage merely. It is moreover defective on its face, as it does not show a valid claim against the estate of the deceased.

"Under our probate system, all claims against the estate of a deceased person, when commissioners have been appointed to hear and adjust such claims, are to be presented to, and to be allowed by them. *The estate is not bound by any account stated with the administrator.*" (Italics ours.)

It is true that under the Michigan law claims had to be presented to special commissioners for their approval or disapproval, rather than to the executor or administrator, while under our statutes a claim requires the approval of both the administrator and the judge of the probate court. But the principle on which the rule stated by the Michigan court is based is that claims may not be paid except when they are approved by the parties given that authority under the statute, and that the administrators may not therefore usurp their duties by stating an account with the claimant.

By analogy, since our claims may not be paid without the approval not only of the administrator but the

judge of the probate court, the administrator may not defeat the right of the judge to pass upon the original claim by stating an account with the claimant.

 We are of the opinion that the complaint shows upon its face that the basis of the suit, to wit, an account stated with the administrator, did not give rise to any claim against the estate of the decedent, and that it was not only fatally defective, but could not in any manner be amended to state a cause of action. This is a defect which is not waived by a failure to demur or answer within the statutory time, but it may be raised at any time within the six months in which a court is authorized to set aside or modify its judgments, and perhaps at even a later date.

It appearing from the record herein that there was excusable neglect in failing to answer within the statutory time, and that the general demurrer tendered with the motion to set aside the judgment set up a defense which went to the merits of the case, the trial court properly set aside its judgment.

The order setting aside the judgment is affirmed.

McALISTER and ROSS, JJ., concur.