531 P.2d 168

**Marion WALLS, Executrix for the Estate of Elayne D. Chapman, and Candace Olson Perry, Special Administratrix for the Estate of Elayne D. Chapman, Appellants,**

v.

**STEWART BUILDING & ROOFING SUPPLY, INC., a corporation, Appellee.**

**Kennedy R. CHAPMAN and Elaine Chapman, husband and wife, dba Kennedy Roofing Company, Ernest Garfield, State Treasurer, Appellants,**

v.

**STEWART BUILDING & ROOFING SUPPLY, INC., a corporation, Appellee.**

**No. 2 CA–CIV 1635.**

Court of Appeals of Arizona, Division 2.

Feb. 5, 1975.

Rehearing Denied March 4, 1975.

Review Denied April 8, 1975.

---

Mary Anne Peters, Tucson, for appellants.

Davis & Eppstein by Ronald D. Siegel, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

This appeal is the result of judgment entered in two separate superior court actions. ˙The first action, No. 133878, was for collection of the values of material furnished to a roofing contracting business which was conducted by the husband and wife during coverture. This action resulted in a default judgment entered June 7, 1972, against them jointly and severally in the amount of $3,608.58, plus costs. Subsequent to the judgment, the wife died. The second action, No. 140286, was filed against Marion Walls as Executrix of the

Estate of Elayne D. Chapman, and Candace Olson Perry, Special Administratrix of the Estate, to collect the unpaid balance of the judgment in the prior case against Mrs. Chapman's separate estate.

The issues raised by this appeal question whether the judgment in the first case was void as to the wife's separate liability for failure of the complaint to state a cause of action against her individually so as to bind her separate property, and, if the judgment was not binding personally, would the liability of the wife's estate be limited to one-half of the debt to be satisfied only out of community property.

In the second action both sides moved for summary judgment, and, after the filing of memorandums and oral argument, the trial court entered judgment in favor of the appellees against the estate of Elayne D. Chapman.

Appellants assert that the default judgment was taken against the Chapmans as a marital community and a cause of action was not alleged against Elayne Chapman personally. Therefore, they conclude that based upon the pre-1973 changes in the community property statutes, the separate property of a wife cannot be held liable for community debts, citing Union Bank v. Pfeffer, 18 Ariz.App. 386, 502 P.2d 535 (1973).

The first question to be resolved is whether the complaint upon which the default judgment was predicated stated a claim for relief against the deceased in her individual and separate capacity. It stated:

"COMES NOW the plaintiff and for its claim states:

1. That it is an Arizona corporation doing business in Pima County, Arizona; that defendants KENNEDY R. CHAPMAN and ELAINE CHAPMAN, husband and wife, doing business as KENNEDY ROOFING COMPANY, are doing business in Pima County, Arizona; that defendant ERNEST GARFIELD is the Treasurer of the State of Arizona and is the depository as to a cash con-

tractors bond posted by the other defendants pursuant to ARS Section 32–1152.

2. That, during 1972, defendants KENNEDY R. CHAPMAN and ELAINE CHAPMAN, doing business as KENNEDY ROOFING COMPANY, requested from plaintiff, and plaintiff furnished to said defendants, certain materials for use in said defendants business; that said defendants have failed, neglected and refused to pay for said materials although plaintiff has demanded payment; that the sum of $3,608.58 is presently due plaintiff from them."

The complaint was filed against "Kennedy R. Chapman and Elaine Chapman, husband and wife, dba Kennedy Roofing Company." The prayer for relief was for judgment against the Chapmans "jointly and severally".

 A judgment by default cannot be based upon a complaint which does not state a cause of action. Ness v. Greater Arizona, 21 Ariz.App. 231, 517 P.2d 1278 (1974); Sturges v. Sturges, 46 Ariz. 331, 50 P.2d 886 (1935). It is a well-recognized rule that after the rendering of a default judgment the complaint will be most liberally construed as stating a cause of action warranting the granting of the relief prayed for. Aid v. Bowerman, 132 Wash. 319, 232 P. 297 (1925). Appellee cites the *Aid* case as a factual example supporting the decision of the trial court and for the further proposition that the prayer for relief can be considered in judging the adequacy of the complaint.

Factually, Aid v. Bowerman, supra, is inapposite. In that case the court emphasized the fact that the complaint alleged that *both defendants* promised to pay the loan:

"The unqualified allegation of the loan to, and promise to pay the same by, the defendants, followed by the separate allegation of the security having been given by Mr. Bowerman in behalf of the community, suggests the thought that the complaint proceeds upon the theory that this was but the giving of community

**126**

property security for a debt incurred by Mr. and Mrs. Bowerman and each of them." 232 P. at 299.

In the case *sub judice* we have no similar allegations. For example, there is no allegation that the "defendants promised to pay." The most one can glean from this complaint, construing it most liberally, is an assertion that the Chapmans were conducting a community business known as Kennedy Roofing Company. Where the allegations of a complaint are in a measure ambiguous and susceptible of being construed as stating a cause of action, then one may look to the prayer for relief as an aid to construction. Aid v. Bowerman, supra. But here there is *no* ambiguity.

The next question is whether the motion to vacate was timely filed. This depends upon whether the judgment in the first action was void or merely erroneous and reversible on appeal. In Sturges v. Sturges, supra, the court had before it a *complaint which failed to state a claim* as the basis of a default judgment. A motion was made under Section 3859, Rev.Code (1928) to vacate the judgment. In affirming the trial court's order setting aside the judgment, the court stated:

> "This is a defect which is not waived by a failure to demur or answer within the statutory time, but it may be raised at any time within the six months in which a court is authorized to set aside or modify its judgments, *and perhaps at even a later date.*" (Emphasis added) 46 Ariz. at 337, 50 P.2d at 888.

It would seem that the court is suggesting in *Sturges* that such a judgment is *void.* If void, the time limit imposed by Rule 60(c), Rules of Civil Procedure, 16 A.R.S., does not control. Wells v. Valley National Bank of Arizona, 109 Ariz. 345, 509 P.2d 615 (1973).

As is stated in State ex rel. First National Bank v. Hastings, 120 Wash. 283, 207 P. 23 (1922), and cited with approval in Ware v. Phillips, 77 Wash.2d 879, 468 P.2d 444 (1970):

> "It is elementary law that a default judgment cannot award any relief beyond that which the facts alleged in the complaint in the action show the plaintiff legally entitled to. This also means, of course, that, if a complaint wholly fails to state facts legally entitling the plaintiff to any recovery, or states facts affirmatively showing that the plaintiff has no right of recovery, as those complaints did, a default judgment rendered thereon is void just as such *a default judgment would be void in so far as it awarded relief beyond that which the allegations of the complaint showed the plaintiff legally entitled to.*" (Emphasis added) 207 P. at 31–32.

Therefore, the trial court erred in not setting aside the default judgment against the deceased as to separate liability in Cause No. 133878 and erred in granting summary judgment in Cause No. 140286 as to the liability of her separate estate.

Reversed and remanded for further proceedings not inconsistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.