669 P.2d 981

**James G. DARNELL and Barbara E. Darnell, husband and wife; Title Guaranty Agency of Arizona, Inc., an Arizona corporation, Plaintiffs/Appellees,**

v.

**Walter N. DENTON and Susan Jane Denton, husband and wife, Defendants/Appellants.**

No. 2 CA–CIV 4586.

Court of Appeals of Arizona, Division 2.

April 18, 1983.

Rehearing Denied June 1, 1983.

Review Denied Sept. 15, 1983.

Waterfall, Economidis, Caldwell & Hanshaw, P.C. by Steven M. Cox, Tucson, for plaintiffs/appellees.

Jones, Dickerman, Nuckolls, Edwards & Smith, P.C. by William W. Edwards, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

This appeal involves a default judgment entered against the appellants Denton in a deed of trust foreclosure action instituted by the appellees Darnell. The appellants appeal from the denial of their motion to modify the default judgment and their motion to quash writs of garnishment. We reverse.

The appellants purchased some residential property from the appellees consisting of less than one acre and two mobile homes which were not readily movable. They executed a purchase money promissory note in favor of the appellees secured by a deed of trust on the property. The mobile homes were subsequently sold by the appellants after they had sustained extensive damage from vandalism. After the appellants' default in making installment payments, the appellees filed a complaint seeking foreclosure under the deed of trust. The complaint prayed for "[j]udgment against the Defendants DENTON in the amount of $15,995.38", interest at a specified rate, attorney's fees in an amount equal to 20% of the amount due, costs, foreclosure sale, "and that out of the proceeds of said sale, Plaintiffs be paid the amounts due", and "[for] such other and further relief as may be just, equitable and proper in the premises." Nowhere did the appellees specifically request a deficiency judgment.

Under advice from an attorney that no deficiency judgment could be obtained un-

der the complaint as worded, the appellants allowed a default judgment to be taken. The trial court, in that judgment, entered February 17, 1982, stated in pertinent part that:

"Plaintiffs have judgment against the Defendants ... for any deficiencies that might remain after applying all of the proceeds of said sale property ..."

The property sold for less than the amount of judgment, leaving a deficiency of over $6,000, and the appellees garnished the appellants' wages and bank account. On June 1, 1982, the appellants moved to modify the judgment by deleting the provision for deficiencies and to quash the writs of garnishment. The trial court denied these motions.

■ The appellants argue on appeal that under Rule 54(d), Rules of Civil Procedure, 16 A.R.S.,[1] a default judgment may not differ in kind or exceed in amount the demand for judgment contained in the complaint. *See Southern Arizona School for Boys, Inc. v. Chery*, 119 Ariz. 277, 580 P.2d 738 (App.1978). Such a judgment would be null and void at least to the extent that it exceeded the demand.

■ The appellants contend that since Rule 60(c)(4), Rules of Civil Procedure, 16 A.R.S.[2] allows a court to relieve a party from a void judgment, they are entitled to such relief. We agree. Further, the appellants do not need to show all of the elements necessary for relief under Rule 60(c); (1) that they acted promptly in seeking relief from the default judgment, (2) that their failure to file a timely answer was excusable under one of the six subdivisions of Rule 60(c), and (3) that they had a meritorious defense. *Dehoney v. Hernandez*, 122 Ariz. 367, 595 P.2d 159 (1979). A void judgment may be set aside without such a showing. *Gila Valley Electric, Gas & Water Co. v. Arizona Trust & Savings Bank*, 25 Ariz. 177, 215 P. 159 (1923); *Price v. Sunmaster*, 27 Ariz.App. 771, 558 P.2d 966 (1976); *Walls v. Stewart Bldg. & Roofing Supply, Inc.*, 23 Ariz.App. 123, 531 P.2d 168 (1975).

The default judgment entered exceeded the relief requested in the prayer of the complaint. Although the complaint prayed for judgment in an amount which was readily ascertainable, it did not pray for a deficiency judgment in the event the proceeds of the foreclosure sale were insufficient to pay that amount. The judgment was clearly void insofar as it contained the provision for deficiencies. *Oaks v. Grocers Wholesale, Inc.*, 377 P.2d 1001 (Alaska 1963).

The purpose of Rule 54(d) is to assure the defendant who consciously allows a default judgment to be taken against him that he may rest secure in the knowledge that the judgment will not exceed the relief requested in the complaint. *Rippe v. Doran*, 4 Wash.App. 952, 486 P.2d 107 (1971); 10 C. Wright & A. Miller, Federal Practice & Procedure § 2663. This guarantees the defendant due process. *Rippe, supra.*

■ A mortgagee has two basic methods of collecting his debt: he may sue and get a judgment at law upon the personal obligation and enforce it by levy upon any property of the debtor (in personam remedy) or he may foreclose upon the property (in rem remedy). Osborne, Mortgages § 333. In Arizona, separate actions on the debt and to foreclose cannot be maintained simultaneously. A.R.S. § 33–722; *and see Smith v. Mangels*, 73 Ariz. 203, 240 P.2d 168 (1952).

A.R.S. § 33–725 authorizes the court to include in the decree of foreclosure a provi-

---

1. Rule 54(d) states: "Demand for judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

2. Rule 60(c), in pertinent part, states: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (4) the judgment is void: ...."

sion ordering the payment of the deficiency if any should arise after the foreclosure sale. The purpose of this statute is to grant relief by way of foreclosure *and* a personal judgment in one suit, thereby eliminating multiplicity of suits. 59 C.J.S. Mortgages § 777. It authorizes the court in an equitable proceeding, i.e., foreclosure, to administer full equitable and legal relief. 55 Am. Jur.2d Mortgages § 909.

The chief purposes of a judgment of foreclosure are to (1) determine that there is a default and the right of the mortgagee to realize upon the security; (2) to establish the sum to which he is entitled out of the amount realized from the sale of the security; (3) to order the sale of the mortgaged premises; and (4) to conclude all parties to the record. 55 Am.Jur.2d Mortgages § 618. Thus the provision in A.R.S. § 33-725(A) that the court give judgment for the amount determined to be due merely satisfies the first two purposes. It is not a personal judgment for debt, as the appellee argues. The only part of a foreclosure decree which may be an *in personam* judgment is a provision for a deficiency judgment which provides a remedy against the debtor for the residuum of the debt remaining unsatisfied from the proceeds of the sale of the mortgaged property. 55 Am. Jur.2d Mortgages § 905.

The appellees argue that they were entitled to a deficiency judgment under their note and deed of trust and pursuant to A.R.S. § 33-727(A).[3] No doubt they were so entitled if they had prayed for that kind of relief but they did not. They cannot secure default judgment for the deficiency unless they ask for it. *Oaks, supra;* Rule 54(d).

In view of our disposition of this issue, we need not consider the appellants' argument that a deficiency judgment was prohibited under the facts of this case by A.R.S. § 33-729(A).

We set aside that part of the judgment providing for deficiencies and quash the writs of garnishment issued in the trial court. The appellants having sought attorney's fees both on appeal and for services rendered in the trial court are directed to include these fees in their costs bill. Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

HOWARD, C.J., and HATHAWAY, J., concur.

---

3. "Except as provided in §§ 33–729 and 33–730, if the mortgaged property does not sell for an amount sufficient to satisfy the judgment, an execution may be issued for the balance against the mortgagor where there has been personal service, or the defendant has appeared in the action."