NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARGARET M. COLBY, *Petitioner/Appellee,*

*v.*

REGINALD D. COLBY, *Respondent/Appellant.*

No. 1 CA-CV 18-0280 FC
FILED 5-7-2019

Appeal from the Superior Court in Maricopa County
No. DR 1999-017774
The Honorable Roy C. Whitehead, Judge
The Honorable Richard F. Albrecht, Commissioner

**REVERSED AND REMANDED**

COUNSEL

Law Office of Louis Lombardo PC, Chandler
By Louis K. Lombardo
*Counsel for Respondent/Appellant*

Buffington Law LLC, Cortez, CO
By Drew P. Buffington
*Counsel for Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

_____

**B R O W N**, Judge:

¶1        Reginald D. Colby ("Husband") appeals the superior court's order denying his motion to set aside a dissolution decree's spousal maintenance award and the court's judgment requiring him to pay Margaret M. Colby ("Wife") spousal maintenance arrears.  For the reasons that follow, we reverse the order and the judgment and remand for further proceedings consistent with this decision.

**BACKGROUND**

¶2        Husband and Wife married on July 30, 1967.  On October 8, 1999, Wife filed a petition for dissolution of marriage, requesting in part:

> 12. That the Respondent shall pay to the Petitioner the sum of one thousand dollars ($1,000.00) per month for life for spousal maintenance.

> 13. That the Respondent shall pay to the Petitioner one half of the Respondent's Military Retirement.

On October 18, Wife filed an amended petition for dissolution that changed the prior requests:

> 12. *Neither party is desirous of receiving spousal maintenance*, except as may be hereinafter sought for in the prayer of this Petition for Dissolution.

> 13. That the Respondent shall pay to the Petitioner all of Respondent's Military Retirement for a period of six (6) months and thereafter one half of the Respondent's Military Retirement.

(Emphasis added.)  The prayer for relief in the amended petition asked "[t]hat no spousal maintenance be awarded."  Other than these provisions, the amended petition was identical to the original petition.  Also on October

18, Husband filed a notarized acceptance of service, waiving formal process and acknowledging receipt of various documents, including the amended petition, to which he "decline[d] to plead." Husband's acceptance acknowledged that if he did not "agree with any relief asked for by [Wife], [he] must respond or [a]nswer within 20 days from the day [he] signed the original of this Acceptance of Service" and "failure to [r]espond . . . could result in the Court giving the other party any and *all things requested* in . . . her legal papers, through a Default . . . Decree." (Emphasis added.)

¶3        After Husband declined to respond, Wife filed an application for default. Husband filed another acceptance of service in February 2000, acknowledging receipt of the original and amended petitions. Wife then filed a second application for default. At a default hearing in May 2000, the superior court entered a decree of dissolution of marriage by default on a form of judgment Wife submitted, which tracked the language of the first petition by awarding Wife spousal maintenance of $1,000 per month and half of Husband's military retirement account. For the next 17 years, the parties informally agreed to an allocation of Husband's military retirement pay. As far as the record reveals, Husband never provided Wife any support denominated "spousal maintenance."

¶4        In 2017, Husband filed a motion to set aside the spousal maintenance award in the decree under Arizona Rule of Family Law Procedure ("ARFLP") 85(b),[1] asserting the award was void because Wife's amended petition superseded the original petition and "the specific relief granted was not requested in the [a]mended [p]etition   . . . but nevertheless was granted by the court at the default hearing." Wife countered that (1) Husband's request was untimely; (2) he waived the right to challenge the award by failing to file an answer or appear at the default hearing; (3) his motion was barred by the doctrine of laches, and (4) he did not show the judgment was void. The superior court summarily denied the motion.

¶5        Wife then petitioned to enforce the spousal maintenance award and establish arrears. After an evidentiary hearing, the parties stipulated to the principal amount Husband owed, but Husband expressly stated he was "not waiv[ing] his defenses to this enforcement action." The

---

[1]        Husband filed his motion under ARFLP 85(c); however, the ARFLP were revised effective January 1, 2019 and 85(c) was renumbered as 85(b). *See* ARFLP, Correlation Table. For ease of reference, we refer to 85(b) throughout this decision.

superior court entered judgment in favor of Wife, and against Husband, in the amount of $152,354.68. Husband timely appealed.

## DISCUSSION

**¶6**　　　　Husband asserts the superior court erred in denying his motion to set aside the spousal maintenance award, arguing the award in the decree is void because Wife did not request spousal maintenance in the amended petition. *See* ARFLP 85(b)(4) (stating "the court may relieve a party from a final judgment" if "the judgment is void"); *see also* Ariz. R. Civ. P. 60(b)(4) (same).[2]　We review the denial of a motion to set aside for an abuse of discretion, but we determine de novo whether a decree is void. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012); *see also Martin v. Martin*, 182 Ariz. 11, 15 (App. 1994) ("A judgment . . . is 'void' if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered.").

**¶7**　　　　We note that although both parties' arguments focus on the ARFLP and cases applying those rules, we will apply the Arizona Rules of Civil Procedure ("Rule") (1999) because the ARFLP were not adopted until 2006. *See* Ariz. S. Ct., Admin. Order R-05-008. Accordingly, whether the spousal maintenance award was void when entered in 2000 is governed by Rule 54(d), which stated that "[a] judgment by default *shall not* be different in kind from or exceed in amount that prayed for in the demand for judgment." Ariz. R. Civ. P. 54(d) (1999) (emphasis added).

**¶8**　　　　Rule 54(d)'s purpose is "to assure the defendant who consciously allows a default judgment to be taken against him that he may rest secure in the knowledge that the judgment will not exceed the relief requested in the complaint," thereby "[guaranteeing] the defendant due process." Consequently, a default judgment that does not comply with Rule 54(d) is "null and void . . . to the extent that it exceeded the demand." *Darnell v. Denton*, 137 Ariz. 204, 206 (App. 1983); *S. Ariz. Sch. for Boys, Inc. v. Chery*, 119 Ariz. 277, 283 (App. 1978) (explaining that a default hearing is subject to the limitation of Rule 54(d) in that a court cannot award relief that "is more than or different in kind from that requested"); *see Cockerham v. Zikratch*, 127 Ariz. 230, 234 (1980) (recognizing that due process considerations may negate a court's jurisdiction); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (construing Federal Rule of

---

[2]　　　Effective January 1, 2017, Rule 60(c) was re-numbered as Rule 60(b) but there are no substantive differences. *See* Ariz. S. Ct., Admin. Order R-16-0010 attachment B at 11.

Civil Procedure 60(b)(4) as "applying . . . where a judgment is premised on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice of the opportunity to be heard").

**¶9**        Wife contends Husband was not denied due process because he chose not to answer the petition and not to attend the default hearing. We reject this argument. "Once the defendant is served with a copy of the complaint, he can respond or do nothing. If he opts for the latter course, the defendant knows that greater relief than that prayed for or relief different in kind will not be entered against him." *Tarnoff v. Jones*, 17 Ariz. App. 240, 244 (1972); *see also Darnell*, 137 Ariz. at 206. As this court previously explained, Rule 54(d)'s "explicit and emphatic mandate . . . does not differentiate between a default based on a total failure to appear and a default following an appearance." *Chery*, 119 Ariz. at 283. By granting spousal maintenance when the amended petition unequivocally did not request such an award (and in fact stated that none was sought), the court exceeded its authority under Rule 54(d) and violated Husband's due process right to "fair notice of the allegations." *See Cockerham*, 127 Ariz. at 234. Such a violation is a defect that "undermin[es] jurisdiction so as to render [the] judgment void." *Id.* at 235; *see also Espinosa*, 559 U.S. at 271.

**¶10**        Wife argues the original petition provided Husband fair notice of the allegation because it made a specific request for spousal maintenance and Husband acknowledged service of that petition. Wife directs us to *Kline v. Kline*, 221 Ariz. 564, 569, ¶ 15 (App. 2009), where we held that a default judgment for spousal maintenance is valid pursuant to ARFLP 44(G)[3]—which was identical to Rule 54—if the petitioner specifically requested spousal maintenance in a pleading and provided the opposing party legally adequate notice of the pleading. Wife's argument, however, ignores the general rule that when a "complaint is amended in a material way," the original complaint becomes *functus officio*; a defendant has the right to respond to the amended complaint de novo; and "all subsequent proceedings are regarded as based on the amended complaint." *Campbell v. Deddens*, 21 Ariz. App. 295, 297 (1974); *see Functus Officio*, Black's Law Dictionary (10th ed. 2014) ("[W]ithout further authority or legal competence. . . ."). Here, the amended petition was materially different from the original petition, *see supra* ¶ 2, and Wife does not argue the

---

[3]        Subsection G of ARFLP 44 is no longer part of the ARFLP. Under the revised ARFLP, the court may enter a default decree on all issues in a case, with or without a hearing, but "the petitioner must use a new Form 6 to provide an evidentiary basis for entering a default decree for spousal maintenance." *See* ARFLP Prefatory Cmt. to the 2019 Amendments.

amended petition was not the operative pleading for the purposes of Rule 54(d). *Cf. Rodriguez v. Rodriguez*, 8 Ariz. App. 5, 8–9 (1968) ("Although a superseded pleading becomes *functus officio*, the effect of the trial court's dismissal of the amended complaints was to restore the original complaint." (citation omitted)). Accordingly, paragraph 10 of the dissolution decree, awarding Wife $1,000 per month indefinitely, is void because it granted relief that exceeded and was different in kind from that requested. *See Darnell*, 137 Ariz. at 206.

**¶11** Wife also argues that Husband's motion to set aside was untimely because he failed to show (1) his delay was excusable, (2) he acted promptly in seeking relief, and (3) he had a "meritorious defense" to an award of spousal maintenance, citing *Blair v. Burgener*, 226 Ariz. 213, 216, ¶ 7 (App. 2010). Wife is correct in that most motions seeking to set aside judgments "must be made within a reasonable time." ARFLP 85(c)(1); *see also* ARFLP 78(a)(1) (stating that a judgment "includes a decree or an order from which an appeal lies"). However, that requirement does not apply when the judgment is void. *Martin*, 182 Ariz. at 14 ("There is no time limit in which a motion [alleging a judgment is void] may be brought; the court must vacate a void judgment or order . . . ."); *Darnell*, 137 Ariz. at 206 (explaining that a party seeking relief from a void judgment does not have to show there was prompt action in seeking relief); *Int'l Glass & Mirror, Inc. v. Banco Ganadero Y Agricola, S.A.*, 25 Ariz. App. 604, 605 (1976) (citing cases where the judgments were set aside decades after entry and explaining that the general "reasonable time" requirement does not apply when the judgment is void).

**¶12** Finally, we reject Wife's argument that Husband's request for relief is barred by the doctrine of laches. "A void judgment cannot acquire validity because of laches." *Int'l Glass & Mirror, Inc.*, 25 Ariz. App. at 605.

**¶13** Given our conclusion that the decree's award of spousal maintenance is void, we also vacate the order granting Wife spousal maintenance arrears. *Smith v. Smith*, 235 Ariz. 181, 184, ¶ 12 (App. 2014) (explaining that a void decree "is a nullity, is not entitled to enforcement and . . . [a]ll proceedings founded on the void [decree] are themselves regarded as invalid and ineffective for any purpose" (alterations in original) (quoting *State v. Cramer*, 192 Ariz. 150, 153, ¶ 12 (App. 1998))).

## CONCLUSION

**¶14**        We hold that paragraph 10 of the dissolution decree, awarding spousal maintenance, is void because it exceeded the relief requested in the amended petition.  We therefore reverse the court's order denying Husband's motion to set aside and the judgment awarding spousal maintenance arrears and remand for further proceedings consistent with this decision.  In our discretion, we deny both parties' requests for attorneys' fees under Arizona Revised Statutes section 25-324.  We award taxable costs to Husband upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

7