NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JONES CAPITAL INVESTMENTS, LLC, *Plaintiff/Appellee*,

*v.*

BRIAN LOISELLE, et al., *Defendants/Appellants*.

No. 1 CA-CV 21-0535
FILED 7-19-2022

Appeal from the Superior Court in Maricopa County
No.  CV2019-093620
The Honorable Roger E. Brodman, Judge (*Retired*)

**AFFIRMED**

COUNSEL

Counxel Legal Firm, Mesa
By Kyle Anthony O'Dwyer, Leeza Birko
*Counsel for Plaintiff/Appellee*

Al Arpad, Esq., Phoenix
By Alexander R. Arpad
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1        Blue River Equity, LLC ("Blue River") and its sole owner, Brian Loiselle, appeal from default judgments granted to Jones Capital Investments, LLC ("Jones Capital"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Jones Capital owns and operates assisted care homes. In 2016, Jones Capital agreed to purchase an assisted care home ("Property") from Blue River for $500,000. Loiselle drafted loan documents (the "Note") the parties signed in February 2018 to finalize the Property's sale for $420,000. Because a third party held a mortgage on the Property when the parties signed, they structured the Note as a wrap loan—Jones Capital would make monthly interest payments to Blue River, and Blue River would keep paying its mortgage to the third party. The Note also required Jones Capital to make $10,000 quarterly principal payments to Blue River.

¶3        The parties' arrangement worked for about one year, until a dispute arose over the Note's terminal payment clause, which required a "[f]inal payment to cash the mortgage" in April 2019. The April 2019 payment would eliminate the difference between the Note's existing principal balance and the rest of the third party's mortgage.

¶4        On March 1, 2019, Blue River notified Jones Capital that the Note needed to be paid in full by April 1, 2019. Jones Capital did not make a payment-in-full. On April 2, 2019, Blue River sent a default notice, alleging Jones Capital owed $122,451 on or before April 12, 2019. Blue River threatened to take possession of the Property and hold a trustee's sale. Loiselle then served Jones Capital notice of a trustee's sale scheduled for August 8, 2019.

¶5        Jones Capital sued Blue River and Loiselle seeking: declaratory relief to clarify the Note's terms; a preliminary injunction to halt the trustee's sale and to prevent Blue River from taking possession of the

Property; and claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and fraud.

## I. Blue River's Court Proceedings

**¶6** Despite not being an attorney, Loiselle repeatedly sought to represent Blue River in superior court. The court warned Loiselle that Supreme Court Rule 31 requires companies to hire attorneys to represent them in court, but Loiselle ignored these warnings. Rather, he assigned to himself, as an individual, all Blue River's interests and liabilities and argued that the transfer and assumption required Blue River's dismissal.

**¶7** The superior court's admonishment notwithstanding, Loiselle continued filing documents and appearing in court on Blue River's behalf. After a hearing, the court issued a preliminary injunction preventing the trustee's sale of the Property. Because Blue River had still not hired an attorney to appear on its behalf, the court found it failed to appear and again instructed it to hire an attorney within 20 days or face default.

**¶8** Jones Capital applied for a default judgment because no attorney entered an appearance for Blue River during the 20-day window. No attorney attended the default hearing for Blue River three months later. The superior court entered a default judgment against Blue River on Jones Capital's claims. The court certified the judgment as final under Rule 54(b) and granted $126,000 in total damages—$25,200 in compensatory damages and $100,800 in punitive damages.

**¶9** In December 2020, more than one year after the superior court entered the default judgment, Blue River finally retained an attorney who entered a notice of appearance. Five months later, Blue River moved to set aside the default judgment because Jones Capital did not request punitive damages and failed to plead fraud with sufficient detail in its complaint. The court issued an amended judgment that vacated the punitive damages award but left the rest of the judgment intact. Blue River appeals the partial denial of its motion to set aside and the entry of the default judgment.

## II. Loiselle's Court Proceedings

**¶10** While securing the default judgment against Blue River, Jones Capital also pursued its claims against Loiselle individually. Loiselle represented himself in the proceedings. He attended the initial court proceedings and filed an answer and counterclaims. But Loiselle struggled to adequately represent himself, and the superior court sanctioned him twice for discovery violations.

¶11            On July 9, 2020, the superior court held a telephonic trial-setting conference. Both on the record during the conference and in its subsequent minute entry, the court set a trial management conference for April 23, 2021, and scheduled a four-day jury trial to begin May 17, 2021. On April 14, 2021, the court filed a minute entry confirming the April 23, 2021 trial management conference.

¶12            Before the pretrial conference, Loiselle did not file any required documents, including joint reports, proposed jury instructions, proposed jury questionnaires, proposed jury verdict forms, and proposed voir dire questions.  Nor did Loiselle participate in the April 23, 2021 trial management conference. The superior court struck Loiselle's pleadings as a sanction for his failure to disclose and cooperate. The court converted the May 17, 2021, trial date to a default judgment hearing on damages.

¶13            Loiselle appeared at the default hearing and unsuccessfully asked the superior court to reconsider its decision to strike his pleadings. Loiselle claimed he did not receive the court's minute entries and was therefore unaware of the April 23, 2021 trial management conference. Unpersuaded, the court continued with the default hearing on damages.

¶14            After the hearing, the superior court issued an unsigned ruling interpreting the Note, dismissing Loiselle's stricken counterclaims, declining to award Jones Capital damages, and authorizing Jones Capital to file a fee application. The court ordered that the default judgment against Blue River would be offset against the amount owed on the Note held by Loiselle. Two months later, the court used Rule 54(b) language to enter judgment against Loiselle for $91,454.49 in attorneys' fees. Loiselle timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

I.            **Blue River**

        A.        Attorney Representation

¶15            Blue River argues now, as Loiselle did before the superior court, that the court erred by finding Blue River failed to appear. But "[a] corporation cannot appear in superior court except through counsel. Until a corporation appears in court by counsel, its appearance is defective." *State v. Eazy Bail Bonds*, 224 Ariz. 227, 229, ¶ 12 (App. 2010) (citation omitted). Blue River also argues Loiselle has a right to represent Blue River in court because Blue River is his alter ego and a "defunct entity."

4

**¶16**        We will not lightly disregard the corporate status. *See JTF Aviation Holdings Inc v. CliftonLarsonAllen LLP*, 249 Ariz. 510, 514, ¶ 20 (2020). We disregard corporate entities only if "there is sufficient evidence that 1) the corporation is the alter ego or business conduit of a person, and 2) disregarding the corporation's separate legal status is necessary to prevent injustice or fraud." *Id.* at ¶ 21 (quoting *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 214, ¶ 30 (App. 2010)).

**¶17**        Here, in an unusual reversal of roles, Loiselle argues we should disregard his corporation's separate status. Setting aside whether the disregarded entity test can be employed by the entity itself, Loiselle's arguments are unpersuasive. The record contains no evidence beyond Loiselle's self-serving assertions that Blue River is defunct, such as articles of dissolution. And Loiselle never adequately explained why defunct status would prevent Blue River from being forced to defend a lawsuit. *See* A.R.S. § 29-3705(C) (a dissolved LLC may still be sued within three years after dissolution). In contrast, evidence shows Blue River remained an active entity, continued to make and receive loan payments, and even assigned its assets and liabilities after Jones Capital filed its complaint. Further, Loiselle offered no evidence to establish that disregarding Blue River's corporate status was necessary to prevent injustice or fraud. *See JTF Aviation Holdings Inc*, 249 Ariz. at 514, ¶ 21. Thus, sufficient evidence does not support disregarding Blue River's separate corporate status. *Id.* And we decline Blue River's invitation to upset the long-standing requirement that corporate entities must hire attorneys to represent them in Arizona courts. *See State ex rel. Frohmiller v. Hendrix*, 59 Ariz. 184, 191 (1942).

        B.      <u>Appellate Jurisdiction</u>

**¶18**        Blue River argues the superior court erred when it included Rule 54(b) finality language in its default judgment ruling because the same claims remained to be litigated against Loiselle individually. Blue River asserts that this purported error sweeps into our review the court's entry of default judgment against Blue River. We review *de novo* whether the superior court appropriately certified a judgment as final and appealable under Rule 54(b). *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019).

**¶19**        The purpose of Rule 54(b) is to promote judicial economy. *See Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 192 (1981). The circumstances under which a trial court can make the requisite express determination and certify a judgment as final under Rule 54(b) is an issue committed to the court's sound discretion. *See id.* at 191. Entry of a Rule 54(b) judgment requires only (1) final resolution of at least one claim against all parties or

all claims against one party and (2) no just reason for delay. Ariz. R. Civ. P. 54(b).

¶20     The superior court properly found the default judgment resolved all claims against Blue River. *See Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, 202, ¶ 10 (App. 2012) ("By permitting trial courts to certify a judgment as final and appealable as to one but not all parties, the rule essentially allows that piece of the case to be severed from the rest."). Jones Capital would be prejudiced if it had to wait for its other claims to be settled before enforcing its judgment against Blue River. The court appropriately certified the default judgment under Rule 54(b), and the only ruling properly before us is the court's partial denial of Blue River's Rule 60(b) motion to set aside the default judgment.

### C.     Blue River's Rule 60(b) Motion

¶21     Blue River argues the default judgment against it should be set aside because (1) Loiselle had a right to defend Blue River *in propria persona* and (2) the complaint was not sufficient to give fair notice of the fraud claim or any damages arising from it. We have already rejected the first contention, *see* Section I.A *infra*.

¶22     "The scope of an appeal from a denial of a Rule 60 motion is restricted to the questions raised by the motion to set aside." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983). A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Ariz. R. Civ. P. 54(d). And a judgment that violates Rule 54(d) is "null and void at least to the extent that it exceeded the demand." *Darnell v. Denton*, 137 Ariz. 204, 206 (App. 1983). "To support a default judgment, a complaint need not be *technically sufficient*, but must contain a plain and concise statement of the cause of action[s] and give defendants *fair notice* of the allegations as a whole." *Cockerham v. Zikratch*, 127 Ariz. 230, 234 (1980) (emphasis added). An "erroneous" judgment is not necessarily "void"; only errors that undermine jurisdiction render a judgment void under Rule 60(b)(4). *Id.* at 235.

¶23     Blue River correctly claimed that Jones Capital did not request punitive damages in its complaint. The superior court appropriately vacated the punitive damages part of the award.

¶24     Blue River also claimed that Jones Capital did not sufficiently plead the essential elements of fraud, which violated the applicable heightened pleading standard. *See* Ariz. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances

constituting fraud."). The superior court did not explicitly rule on whether the complaint met the heightened pleading requirements for a fraud claim. Even assuming Jones Capital did not plead fraud with sufficient particularity, that deficiency did not undermine the court's jurisdiction rendering the judgment void. *See Cockerham*, 127 Ariz. at 234 ("While it may be erroneous to enter a default judgment based on a technically deficient complaint, such a judgment is not necessarily void."). The superior court did not abuse its discretion in partially denying Blue River's Rule 60(b) motion.

**II.        Brian Loiselle**

**¶25**        Loiselle argues the superior court abused its discretion by striking his pleadings and entering a default judgment against him under Rule 37(c)(1) because he was unaware of the trial management conference. We review pleadings struck for discovery misconduct for a clear abuse of discretion. *See Estate of Lewis v. Lewis*, 229 Ariz. 316, 324, ¶ 20 (App. 2012). Arizona prefers disposition on the merits, and "drastic sanctions running counter to that policy therefore are disfavored and must be based on a determination of willfulness or bad faith." *Id.* at 323–24, ¶ 18 (citations omitted). But grossly negligent conduct such as "flagrant, persistent or willful or otherwise aggravated" violations "also will support such severe sanctions against a noncomplying party." *Id.* at 324, ¶ 18 (cleaned up).

**¶26**        "[A] willful disregard of discovery obligations, bad faith, or other fault by a party may form a valid basis for striking pleadings or entering default judgment" as a sanction. *Roberts v. City of Phoenix*, 225 Ariz. 112, 119, ¶ 27 (App. 2010). "When abuses of discovery or disclosure obligations are found to warrant the imposition of sanctions, those sanctions must be appropriate to the circumstances and must be preceded by due process." *Id.* at 119–20, ¶ 27.

**¶27**        The record teems with evidence of Loiselle's willful disregard for discovery obligations, ending in what the superior court concluded was Loiselle's decision to no longer participate in the process. The court reached this conclusion after determining that Loiselle failed to submit any required pretrial documents or to appear for the trial management conference. The superior court heard from Loiselle why he believed the entry of default was improper at the beginning of the default hearing on May 17, 2021. Loiselle argued that he did not receive the court's minute entries, he had no notice of the case's status, and at the July 9, 2020 trial setting conference the trial date was "not definite." The court overruled his objections to the hearing and denied his oral motion for reconsideration.

¶28 Loiselle argues that the many "returned mail" notices appearing in the record support his contention that he was unaware of the trial management conference and thus his failure to appear should be excused. Not so. The address on Loiselle's returned mail notices is the one he provided to the court in a notice of address change filed April 16, 2020. And he acknowledged in a June 29, 2020 email to the court that he had rented out his house and he and his wife "haven't been retrieving mail." Loiselle's failure to monitor his own address provided to the court does not excuse him from his obligation to remain informed about his case. More importantly, the record is quite clear that both orally and in writing the court notified him of the April 23, 2021 trial management conference and the May 17, 2021 trial setting. Loiselle nonetheless contends he received insufficient notice of the default hearing because he received the notice of a Monday hearing on the preceding Thursday. But even if the later notice Loiselle received from Jones Capital was deficient, Loiselle knew or should have known about the default hearing from the court's April 28, 2021 minute entry vacating the trial setting and converting it to a Default Judgment Evidentiary Hearing.

¶29 This was Loiselle's third discovery sanction. His trail of persistent and flagrant violations culminating in his failure to appear supported the court's imposition of a drastic sanction. The superior court did not abuse its discretion by entering default judgment against Loiselle.

## CONCLUSION

¶30 We affirm.

