NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

GERRIT A. JONES, *Petitioner/Appellant*,

*v.*

ELIZABETH G. JONES, *Respondent/Appellee*.

No. 1 CA-CV 22-0547 FC
FILED 8-22-2023

Appeal from the Superior Court in Yavapai County
No. P1300DO202000848
The Honorable Cele Hancock, Judge

**AFFIRMED**

COUNSEL

Law Office of Daniel DeRienzo, P.L.L.C., Prescott Valley
By Daniel J. DeRienzo
*Counsel for Petitioner/Appellant*

Law Offices of Robert L. Frugé, P.C., Prescott
By Robert L. Frugé
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

---

**C R U Z**, Judge:

¶1        Gerrit A. Jones ("Husband") appeals from the superior court's entry of a divorce decree and award of spousal maintenance to Elizabeth G. Jones ("Wife").  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Husband and Wife were married in April 1992 and owned a plumbing business during the marriage.  In December 2020, Husband petitioned for dissolution of marriage, and Wife responded in March 2021 requesting a spousal maintenance award of $2,000 per month for an undisclosed duration.  Wife also requested in her proposed resolution statement a spousal maintenance award of $2,000 per month for fourteen years, and in her pretrial statement, she requested an award of $1,500 for twelve months.

¶3        Shortly before trial in March 2022, the court held oral argument on all outstanding motions, including those relating to Wife's expert business valuations.  The court announced that Husband had stipulated to allow Wife to disclose "an independent business valuation report one week prior to trial."  Husband never objected to the court's characterization of the agreement.

¶4        At the beginning of trial, both parties stipulated that there were no objections to any exhibits.  Husband dedicated his allotted trial time to the business valuation issue and moved to enter into evidence Wife's business valuation disclosed one week before trial.  Wife later testified that her prior attorney made a typo in her pretrial statement, and she requested a spousal maintenance award of $1,500 per month for twelve years, not twelve months.

¶5        At the end of trial and after the close of evidence, the court requested written closing arguments.  Husband unsuccessfully requested permission to call a rebuttal witness—on the amount of money possibly withdrawn from Husband's retirement account, passed through the

2

business account, and then deposited into another one of his bank accounts. Husband conceded he could adequately address the issues in his written closing argument. In July 2022, the court entered its decree of dissolution of marriage and awarded Wife spousal maintenance of $1,250 per month for 7 years. Husband timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

I.     Spousal Maintenance

¶6          Husband argues the superior court abused its discretion in awarding Wife a different spousal maintenance duration than she requested in her pretrial statement. We review court orders on spousal maintenance for an abuse of discretion. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012). The superior court has "substantial discretion to set the amount and duration of spousal maintenance," *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993), and the court abuses its discretion if it makes an error of law in reaching a discretionary conclusion or if the record does not support a discretionary ruling, *Boyle*, 231 Ariz. at 65, ¶ 8. We do not reweigh evidence on appeal, and we will affirm the superior court's ruling if substantial evidence supports it. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

¶7          Husband argues Wife's request at trial for "spousal maintenance, in an amount greater than" she requested in her pretrial statement, "was not an issue properly before the court." Husband claims Wife's pretrial statement request "amended" the pleading, "narrowed" the issues, and "placed a cap on the requested amount." Husband relies on *Leathers v. Leathers*, 216 Ariz. 374 (App. 2007), where this court held that a life insurance provision used to secure spousal maintenance was not properly before the court because life insurance was not listed as a contested issue in the joint pretrial statement and neither party requested that the court add it as a contested issue before trial. *Id.* at 378, ¶¶ 18-19. But here, both parties listed spousal maintenance as a contested issue for trial in both their notices of issues and pretrial statements, and Husband admitted spousal maintenance was "the major dispute at trial." Husband has not shown that the court improperly considered Wife's spousal maintenance request.

¶8          Husband also relies on *Darnell v. Denton*, 137 Ariz. 204 (App. 1983), to support his claim that the court's award of an amount

greater than Wife's pretrial statement request "is void because it granted relief that exceeded and was different in kind from that requested." But this court discussed default judgments in *Darnell* and held that the purpose of Arizona Rule of Civil Procedure 54(d) is "to assure the defendant who consciously allows a default judgment to be taken against him that he may rest secure in the knowledge that the judgment will not exceed the relief requested in the complaint." *Darnell*, 137 Ariz. at 206. Here, the court did not enter a default judgment against either party according to that procedural rule, and Husband fails to provide any relevant legal support showing the court was constrained by Wife's pretrial statement request in determining the spousal maintenance award's amount or duration. *See* ARCAP 13(a)(7). Husband does not allege, and the record does not show, that the parties reached any agreement as to amount or duration or that any such agreement constrained the court in determining the award. Instead, the court exercised its "substantial discretion" in determining Wife's spousal maintenance award. *See Rainwater*, 177 Ariz. at 502.

¶9 Husband claims Wife violated his due process rights by "clearly" and "intentional[ly]" deceiving him "into believing that his spousal maintenance [obligation] would be limited to only one year." We review due process challenges de novo, *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 28 (App. 2020), and we will reverse a decision based on a due process violation only if the error prejudices a party, *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014).

¶10 Here, Husband admitted that he "relied upon" Wife's request in her pretrial statement and chose not to "squabble over" the requested spousal maintenance amount because he considered the business valuation to be "the more pressing issue." As discussed above, *see supra* ¶ 8, Husband does not allege that the parties reached any spousal maintenance agreement, binding or otherwise, and the record shows Husband chose to rely, ultimately to his detriment, on Wife's pretrial statement request. He has not shown why the court would be limited to awarding Wife the amount or duration she requested in her pretrial statement or that he was prejudiced by any alleged error. *Id.*

¶11 Husband also claims that had he known Wife's "request was for 12 years or lifetime spousal maintenance, he would have addressed the reasonableness of this request in his case-in-chief." But Wife consistently requested spousal maintenance for longer than twelve months. Indeed, in her response to Husband's petition for dissolution of marriage, Wife requested spousal maintenance for an undisclosed duration, and in her

proposed resolution statement, she requested spousal maintenance for fourteen years. It was only in her pretrial statement that Wife requested an award for only twelve months, a substantially shorter duration than her prior requests. Husband was on notice that the court could award Wife spousal maintenance for a longer duration than her pretrial statement request through both Wife's consistent requests and the court's "substantial discretion" in awarding spousal maintenance. *See Rainwater*, 177 Ariz. at 502.

**¶12** Husband also contends the court erred by failing to make an Arizona Rule of Family Law Procedure ("Rule") 76.1(i) good cause finding "to allow Wife to dramatically change her requested [spousal maintenance] amount after [Husband] had rested." Rule 76.1(i) provides in pertinent part, "A party may not present an issue not listed in either party's Notice of Issues at trial, unless the court orders otherwise for good cause." But here, both parties listed spousal maintenance as a contested issue for trial in both their notices of issues and pretrial statements. Husband has therefore not shown why the court was required to make a Rule 76.1(i) good cause finding. We find no error.

II.     Business Valuation

**¶13** Husband argues the court violated his due process rights by imposing "strict time limits upon his testimony" and denying his request for a rebuttal witness. We review the imposition of time limits at trial for an abuse of discretion. *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91, ¶ 30 (App. 1998). The superior court may impose reasonable limits on the time allotted for trial in family court proceedings. *See* Ariz. R. Fam. Law P. 22(a). Although rigid time limits are disfavored, courts may reasonably limit trial time "to avoid undue delay, waste of time or needless presentation of cumulative evidence." *Brown*, 194 Ariz. at 91, ¶ 29. In addition to showing an abuse of discretion, an appellant must also show they suffered some harm as a result of the time limits imposed. *Id.* at ¶ 30.

**¶14** Husband cites one instance where the court refused his in-chambers request for additional trial time. Husband does not state what information he was unable to present at trial due to the court denying his request, and he fails to allege any harm he suffered as a result of the time limits imposed. *Id.* Husband also claims, without proper citation to the record or any relevant legal authority, that he "should have been permitted a rebuttal witness." *See* ARCAP 13(a)(7). Husband presumably references one instance at the end of trial where the court denied his request to call a rebuttal witness instead of providing a written

closing argument. But there, Husband made his request after the close of evidence, and he conceded that he could adequately address the issue in his written closing argument. Husband's arguments therefore fail.

**¶15**      Husband next argues the superior court abused its discretion by "completely disregarding" his expert's report and testimony, and instead "accepting as fact" Wife's expert's report "without related testimony." Husband claims he "asked" the superior court to give Wife's expert's valuation "little or no weight" because it was "not logical or based on any facts presented as evidence." Husband asks this court to reweigh evidence and reassess witness credibility on appeal, but we will not substitute our judgment for that of the trial judge. *See Cook v. Losnegard*, 228 Ariz. 202, 205, ¶ 11 (App. 2011).

**¶16**      Husband argues Wife untimely disclosed her expert's valuation one week before trial creating "a trial by ambush" and denying Husband "due process." The record shows otherwise. Both on and off the record at oral argument, Husband agreed that Wife could submit her additional business valuation a week before trial. Husband does not allege, and the record does not show, that he objected during the hearing or filed any subsequent pleadings objecting to Wife's disclosure timeline. Both parties stipulated at the beginning of trial that there were no objections to any exhibits, and Husband moved to admit Wife's valuation into evidence at trial.

**¶17**      Beyond that, Husband failed to object to Wife's disclosure timeline in superior court and has therefore waived the timeliness issue on appeal. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal."). The record supports the court's findings.

**CONCLUSION**

**¶18**       We affirm.  Both parties request attorneys' fees and costs on appeal.  We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal.  *See* A.R.S. § 25-324(A).   In the exercise of our discretion, we award Wife her reasonable attorneys' fees on appeal, upon compliance with ARCAP 21.  As the prevailing party, Wife is also entitled to her costs, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA